[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10863
Non-Argument Calendar

_____

D. C. Docket No. 07-00011-CR-TWM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMARRIO GRISSOM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 8, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Amarrio Grissom appeals from his 151-month sentence imposed after he

pled guilty to possession with intent to distribute a quantity of cocaine base in

violation of 21 U.S.C. § 841. On appeal, Grissom argues that his sentence was unreasonable because the district court: (1) did not properly consider the factors in 18 U.S.C. § 3553(a), specifically § 3553(a)(1), the nature of the offense and his history and personal characteristics; and (2) did not consider the disparities in the Guidelines' treatment of crimes involving crack cocaine as opposed to cocaine powder. After thorough review, we affirm.

We review the ultimate sentence imposed by a district court for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

Our reasonableness review consists of two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[1] If we conclude that the district court did not procedurally err, we must

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the

consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

We are unpersuaded by Grissom's argument that the district court procedurally erred in failing to properly consider the § 3553(a) factors. At sentencing, the court stated that it had "listened to the defendant and defendant's counsel . . . reviewed the presentence investigation report . . . and considered the factors set forth in [§ 3553(a)]." The record thus reflects the district court's adequate consideration of the § 3553(a) factors. Indeed, "the district court need only acknowledge that it considered the § 3553(a) factors, and need not discuss each of these factors in either the sentencing hearing or in the sentencing order." United States v. Amedeo, 487 F.3d 823, 833 (11th Cir.), cert. denied, 128 S. Ct. 671 (2007) (internal quotation and punctuation omitted); United States v. Talley,

---

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

431 F.3d 784, 786 (11th Cir. 2005) (stating that "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under <u>Booker</u>"); <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005) ("nothing in <u>Booker</u> or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors").

We likewise reject Grissom's argument that his sentence is unreasonable in light of <u>Kimbrough v. U.S.</u>, 128 S.Ct. 558 (2007). In <u>Kimbrough</u>, the Supreme Court recognized that the Guidelines recommend harsher sentences for conduct involving crack cocaine than for conduct involving powder cocaine, and held that, given the advisory nature of the Guidelines, a district court <u>may</u> consider this disparity when determining an appropriate sentence. <u>Id.</u> at 575-76. Here, however, Grissom pled guilty to possession of a quantity of cocaine base, a charge which specifies neither the amount nor type of cocaine he possessed. Further, his offense level was based on his status as a career offender, which similarly does not distinguish between crack and powder cocaine. Thus, the range suggested by the Guidelines -- and adopted by the district court -- was not the result of the disparity discussed in <u>Kimbrough</u>. In addition, although <u>Kimbrough</u> allows a district court to deviate from the Guidelines' recommendation because of policy concerns, it

4

does not mandate such deviation, nor does <u>Kimbrough</u> change the standard of review on appeal. <u>See</u> <u>id.</u> at 576.

In short, Grissom's within-Guidelines sentence is neither procedurally nor substantively unreasonable, and the district court did not abuse its discretion in imposing it.[2]

**AFFIRMED.**

---

[2] <u>See</u> <u>Rita</u>, 127 S. Ct. at 2462 (holding that a court of appeals may afford a presumption of reasonableness to a within-Guidelines sentence); <u>United States v. Campbell</u>, 491 F.3d 1306, 1314 n.8 (11th Cir. 2007) (noting that, although we have not normally afforded a within-Guidelines sentence a presumption of reasonableness, the <u>Rita</u> decision calls that policy into question).