**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4976**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JAMORAL ANTONEE MCCORKLE,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
District Judge.  (1:06-cr-00276)

_____

Submitted:  April 23, 2008        Decided:  September 5, 2008

_____

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

Louis C. Allen III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.    Randall  Stuart  Galyon,  Assistant  United  States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamoral Antonee McCorkle pled guilty to possession with intent to distribute approximately twenty-four grams of crack cocaine (Count 1), in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm after having been convicted of a felony (Count 2), in violation of 18 U.S.C. § 922(g)(1) (2000). At the sentencing hearing, the district court pronounced a sentence of 205 months on Count 1 and a 120-month sentence on Count 2, to run concurrently with the sentence on Count 1. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting that McCorkle's sentence is unreasonable.[1] Counsel also states, however, that in light of McCorkle's knowing and voluntary waiver of the right to appeal,[2] there are no meritorious issues before the court. McCorkle was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm McCorkle's convictions and the oral sentence imposed at the

---

[1]Counsel also notes in a footnote that "[a]lthough precluded at the time by Fourth Circuit precedent, the district court should have been allowed to consider th[e] unwarranted [100:1 crack-to-powder cocaine] disparity under 18 U.S.C.[A.] § 3553(a) [(West 2000 & Supp. 2008)]." (Appellant's Br. at 11 n.2, citing Kimbrough v. United States, 128 S. Ct. 558 (2007)). We find that Kimbrough is of no assistance to McCorkle because his ultimate guideline range was not determined based on drug quantity but on his status as a career offender.

[2]Because the Government has not asserted the waiver on appeal, we do not enforce it. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (stating that, if Anders brief is filed in case with appeal waiver, Government's failure to respond "allow[s] this court to perform the required Anders review").

2

sentencing hearing but remand the case to the district court with instructions to correct the written judgment to conform to the oral sentence.

McCorkle's counsel suggests that the sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of promoting respect for the law and providing just punishment for the offenses because McCorkle was convicted in state court and sentenced to six months on the same conduct that formed the basis of the federal charges against him. In sentencing a defendant after United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process. First, the court must correctly calculate the appropriate advisory guidelines range. Gall v. United States, 128 S. Ct. 586, 596 (2007) (citing Rita v. United States, 127 S. Ct. 2456, 2465 (2007)). The court then must consider that range in conjunction with the § 3553(a) factors. Id. The court "may not presume that the Guidelines range is reasonable" but, rather, must "make an individualized assessment based on the facts presented" in determining an appropriate sentence. Id. at 596-97. The district court also "must adequately explain the chosen sentence to allow for meaningful appellate review . . . ." Id. at 597.

Appellate review of a district court's imposition of a sentence is for abuse of discretion. Id.; see also United

States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court:

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.

Gall, 128 S. Ct. at 597.

McCorkle does not challenge the procedural aspects of his sentence. Turning to the substantive reasonableness of McCorkle's sentence, counsel questions whether the 205-month sentence serves the purposes of sentencing. The district court considered McCorkle's argument that a sentence at or below the bottom of the advisory guideline range was sufficient to serve the purposes of sentencing because McCorkle had been convicted in state court on the same conduct that formed the basis of the federal charges against him. The court rejected his argument on the ground that McCorkle essentially received no jail time on the state sentence because it ran concurrently with another state sentence. Thus, the district court selected a sentence of 205 months, which was near the middle of the guideline range and took into account McCorkle's

4

college attendance.  We therefore conclude that, under the totality of the circumstances, the district court did not abuse its discretion in determining that the § 3553(a) factors supported the 205-month sentence imposed on Count 1.

We have reviewed the record in accordance with <u>Anders</u> and affirm McCorkle's convictions and the oral sentence imposed at the sentencing hearing.  We note, however, that the written judgment reflects concurrent sentences of 205 months on both Counts 1 and 2.  But the oral sentence properly reflected the 120-month statutory maximum for Count 2.  18 U.S.C. § 924(a)(2).  When the written judgment conflicts with the oral sentence, the oral sentence controls.  <u>See</u> <u>United States v. Osborne</u>, 345 F.3d 281, 283 n.1 (4th Cir. 2003); <u>United States v. Morse</u>, 344 F.2d 27, 29 n.1 (4th Cir. 1965).  Thus, we remand the case to the district court with instructions to correct the written judgment to conform to the sentence announced at the sentencing hearing.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately

5

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED