**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0596n.06

No. 07-5563

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **FILED** |
|  | ) | **Aug 21, 2009** |
| *Plaintiff-Appellee*, | ) | LEONARD GREEN, Clerk |
|  | ) |  |
| **v.** | ) | **On Appeal from the United** |
|  | ) | **States District Court for the** |
| **DEMETRIUS KEON COLE,** | ) | **Western District of Tennessee** |
|  | ) |  |
| *Defendant-Appellant*. | ) | **O P I N I O N** |
|  | ) |  |
|  | ) |  |
|  | ) |  |

Before: CLAY and ROGERS, Circuit Judges; and JORDAN, District Judge.[*]

**CLAY, Circuit Judge.** Defendant Demetrius K. Cole ("Cole") appeals the 140-month

sentence imposed by the United States District Court for the Western District of Tennessee. Subject

to a plea agreement, Cole pleaded guilty to possession of a controlled substance (crack cocaine) with

intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g). Based on Cole's prior criminal history, the Presentence

Investigation Report ("PSIR") determined that he was a "career offender" subject to the sentencing

enhancement prescribed in U.S.S.G. § 4B1.1. After granting the government's motion for a

downward departure based on Cole's cooperation with the police, the district court determined that

---

[*]The Honorable R. Leon Jordan, United States District Judge for the Eastern District of
Tennessee, sitting by designation.

the sentencing range recommended under the Sentencing Guidelines as to the distribution charge was 140 to 175 months imprisonment. The district court imposed a sentence of 140 months on the distribution count and 120 months on the felon-in-possession count, with the two sentences to run concurrently. On appeal, Cole challenges the procedural reasonableness of his sentence.

For the reasons set forth below, we hereby **AFFIRM** Cole's sentence.

**I.**

On January 23, 2007, Cole pleaded guilty, pursuant to a plea agreement, to possession of a controlled substance and being a felon in possession of a firearm. Based on two prior qualifying drug felony convictions—possession of cocaine with intent to distribute and sale of marijuana—the probation officer determined that Cole was subject to the career-offender provision of the Guidelines which prescribed a base offense level of 34.[1] After subtracting three levels for Cole's acceptance of responsibility, the probation officer calculated Cole's adjusted total offense level to be 31.

Prior to sentencing, the government moved the district court to depart downward under U.S.S.G. § 5K1.1 based on Cole's assisting the police in the investigation of other crimes and individuals. The district court granted the government's motion and departed downward three levels, yielding a final offense level of 28. The resulting sentencing range was 140 to 175 months. Subject to the plea agreement, the government recommended to the court that Cole be sentenced at the low end of the advisory Guidelines range.

---

[1]A defendant is subject to the career offender provisions if (1) he or she is at least 18 years old at the time the offense of conviction was committed, (2) the offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) he or she has at least two such prior felony convictions. U.S.S.G. § 4B1.1(a).

Cole did not object to the PSIR calculations or either of the government's motions. Cole also did not file a sentencing memorandum. At his sentencing hearing, defense counsel conceded that Cole previously had been convicted of two qualifying drug felonies, but argued that the nature of his marijuana conviction militated against application of the career-offender provision. Cole did not argue that the district court should reject the 100-to-1 crack-to-powder cocaine sentencing ratio prescribed under U.S.S.G. § 2D1.1(c)(5).

On April 25, 2007, the district court sentenced Cole to 140 months on the distribution count and 120 months on the felon-in-possession count, with the two sentences to run concurrently.

On appeal, Cole challenges the procedural reasonableness of his sentence. Initially, Cole's appellate counsel moved this Court to withdraw from the case, filing a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). This Court denied defense counsel's motion, and ordered the parties to file supplemental briefs addressing the applicability of the Supreme Court's decision in *United States v. Kimbrough*, 552 U.S. 85, 128 S. Ct. 558 (2007).

**II.**

"Post-*Booker*, we review a district court's sentencing determination, 'under a deferential abuse-of-discretion standard,' for reasonableness." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 591 (2007)); *see also Rita v. United States*, 551 U.S. 338, 347-50 (2007); *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). In determining whether a defendant's sentence is "reasonable," this Court must examine the procedural and substantive aspects of the sentencing court's decision. *United States v. Jones*, 445 F.3d 865, 869 (6th Cir. 2006). Therefore, in addition to determining whether a sentence is

substantively unreasonable because the length of the sentence is "greater than necessary" to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a), we also must consider whether the district court committed "significant procedural error," such as:

> failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

*Gall*, 128 S. Ct. at 597.

Unlike claims relating to the substantive aspects of the sentence, a defendant must preserve procedural challenges for appeal. *United States v. Vonner*, 516 F.3d 382, 385-86 (2008) (en banc). Where a defendant fails to properly preserve an issue for appeal, that claim is subject to review for plain error. *Id.*; Fed. R. Crim P. 52(b). The plain-error standard, however, applies only where the relevant party was given "an opportunity" to object. Fed. R. Crim. P. 51(b) ("If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.").

In determining the requisite standard of review, the parties are in agreement that plain-error review applies. We disagree. There is no doubt that Cole did not raise any objection to the 100-to-1 crack-to-powder sentencing ratio prescribed by the Sentencing Guidelines. Ordinarily, then, this Court would review that claim for plain error. In this case, however, plain-error review does not apply because the district court failed to ask the requisite *Bostic* question.

The plain-error standard applies only where the relevant party was given "an opportunity" to object. Fed. R. Crim. P. 51(b) ("If a party does not have an opportunity to object to a ruling or

order, the absence of an objection does not later prejudice that party."). Given the vagaries of the opportunity-to-object inquiry, this Court often "wrestled with the difficulty of 'parsing a [sentencing] transcript to determine whether . . . a party had a meaningful opportunity to object' and of determining whether plain-error review should apply." *Vonner*, 516 F.3d at 385 (quoting *United States v. Bostic*, 371 F.3d 865, 873 n.6 (6th Cir. 2004)). "In an effort to bring some clarity to the matter and to ensure that plain-error review applied only when the parties fairly were given a chance to object to the sentencing procedure," *Vonner*, 516 F.3d at 385, this Court adopted a new procedural rule requiring district courts, after announcing a proposed sentence, to "ask the parties whether they have any objections to the sentence . . . that have not previously been raised," *Bostic*, 371 F.3d at 872. Where the sentencing judge asks this question but a party fails to raise any objections not previously raised, the claim is forfeited and plain-error review applies on appeal. *Vonner*, 516 F.3d at 385-86.

Although Cole did not raise any objections regarding the procedural aspects of his sentence, his procedural claims are not subject to review for plain error because the district court failed to comply with the procedural requirements set down in *Bostic*. Rather than asking the question required under *Bostic*, the district court asked only: "Anything else, Ms. Smothers?" This is insufficient to satisfy *Bostic*. This court has "made clear that '[a] district court can satisfy the requirements of the *Bostic* rule only by clearly asking for objections to the sentence that have not been previously raised.'" *United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007) (quoting *United States v. Clark*, 469 F.3d 568, 570 (6th Cir. 2006)). Where, as here, the district court fails to ask this question, a defendant's "failure to raise any of his arguments as objections below does

not trigger plain-error review." *United States v. Gapinski*, 561 F.3d 467, 473-74 (2009). In both

*Gapinski* and *Thomas*, this Court held that plain-error review did not apply because the district court

failed to ask the specific question required under *Bostic*. *See Gapinski*, 561 F.3d at 473 (concluding

that the *Bostic* rule was not satisfied when the district court asked, "Anything else for the record, Ms.

Lasker?"); *Thomas*, 498 F.3d at 340 (concluding that the *Bostic* rule was not satisfied when the

district court asked, "Do you have anything further for the record, Mr. Canady?").

In addition, with respect to the applicability of the career-offender enhancement, it is

irrelevant whether the district court posed the requisite *Bostic* question because defense counsel

repeatedly and unambiguously raised this issue during the sentencing hearing. Cole's arguments

during sentencing are sufficient to satisfy *Vonner* and preserve the issue for appeal. *See United*

*States v. Blackie*, 548 F.3d 395, 398 (6th Cir. 2008) (holding that *Vonner* does not require

application of plain-error standard even where a defendant failed to object after sentencing so long

as the defendant raised the substantive basis for the argument during sentencing and thus

"preserv[ed] it for appeal").

### III.

### A.[2]

In *Kimbrough*, the Supreme Court held that the district court did not abuse its discretion by

rejecting the 100-to-1 crack-to-powder sentencing ratio then-mandated under the Guidelines. 128

S. Ct. at 575. Recently, in *Spears v. United States*, ___U.S. ___, 129 S Ct. 840 (2009) the Supreme

---

[2]Judges Rogers and Jordan do not join Part. III.A of this opinion.

Court clarified its holding in *Kimbrough*, explaining that district courts possess the "authority to vary from the crack cocaine Guidelines based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." *Id.* at 843. Expounding on this point, the Court emphasized that a district court's authority to categorically reject the crack cocaine Guidelines applies even in "a mine-run case where there are no 'particular circumstances' that would otherwise justify a variance from the Guidelines' sentencing range." *Id.* at 844.

Following *Spears*, this Court has struggled to find a consistent approach to determining whether a district court failed to recognize its authority to reject the advisory Guidelines on policy grounds. For instance, in *United States v. [Kenneth James] Johnson*, 553 F.3d 990 (6th Cir. 2009), we vacated a defendant's sentence in light of *Spears* on the ground that, "on the record before us, we have no way of ascertaining whether the district judge would have imposed the same sentence if he had known of his discretion to vary categorically from the crack-cocaine Guidelines based on a policy disagreement." *Id.* at 996 n.1. We also ordered a remand under *Spears* in *United States v. Vandewege*, 561 F.3d 608 (6th Cir. 2009), concluding that the district court "did not recognize" its authority to depart on policy grounds. *Id.* at 609 (observing that the district court stated "I do believe that policy judgments of whether crack and powder are equivalent or not is not for me to make."). Our decision in *Vandewege* expressly noted that this type of "misunderstanding" provides "additional grounds to remand the case for resentencing." *Id.*

More recently, however, two unpublished decisions have suggested that remand under *Spears* is not necessary unless the district court makes "express statements" at the sentencing hearing

indicating that it felt bound to apply the crack cocaine Guidelines. *United States v. Porter*, No. 07-5714, 2009 U.S. App. LEXIS 3603, at *11 (6th Cir. Feb. 24, 2009) (explaining that appellate courts cannot "merely assume" that the district court "lacked 'full awareness of this authority'" (quoting *Johnson*, 553 F.3d at 996)); *United States v. [Michael] Johnson*, No. 06-6545, 2009 U.S. App. LEXIS 1872, at *21 (6th Cir. Jan. 30, 2009) (vacating the defendant's sentence on the grounds that the sentencing transcript made "clear" that the district court's "belief that it was without authority to depart or vary from the guidelines on this basis" and because of the court's "express reliance on the Eighth Circuit's [now-reversed decision in *Spears*]").

Our most recent pronouncement on this subject came in *United States v. Guest*, 564 F.3d 777 (6th Cir. 2009), where we held that "there should be some indication of error in the record justifying remand," *id.* at 779, and emphasized that remand is not warranted "based on mere conjecture that the district court may have felt constrained by appellate review." *Id.* at 781.

Because *Porter* and *[Michael] Johnson* are unpublished decisions, this panel is not bound by those pronouncements. *Guest* and [*Kenneth James*] *Johnson*, on the other hand, are reported decisions by which we must abide. *See* 6 Cir. R. 206(c) ("Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel."); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." (citations omitted)). Under *Guest* and [*Kenneth James*] *Johnson*, remand is required either where there is "some indication of error in the

record" or where "we have no way of ascertaining whether the district judge would have imposed the same sentence" if he had understood the full scope of his authority to reject the Guidelines on policy grounds.[3]

The other circuits that have addressed this issue have adopted a similar standard, holding that remand is appropriate where the Court of Appeals "cannot discern from the record whether the district court would have imposed a lesser sentence had it known that it was free to disagree with the 100-to-1 ratio." *United States v. Harper*, 281 F. App'x 608, 612-13 (7th Cir. 2008) (observing that "[t]he sentencing transcript admits both possibilities"); *accord United States v. Taylor*, 520 F.3d 746, 747 (7th Cir. 2008) ("Even before *Kimbrough*, a sentencing judge could if he wanted rail against the 100-to-1 ratio, but that would have been spitting against the wind, since we had held that the ratio was not to be questioned by sentencing judges. Thus the fact that a judge—the judge in this case for example—does not say anything about the ratio cannot be taken to mean that he (in this case she) thinks it is fine."); *United States v. McGowan*, 276 F. App'x 946, 949 (11th Cir. 2008) ("We cannot presume that the district court, anticipating *Kimbrough*, understood that it would not have abused its discretion if it had reduced [the defendant's] sentence because it viewed the crack/powder disparity to be unfair."); *United States v. Regalado*, 518 F.3d 143, 147 (2nd Cir. 2008) ("Since the district court was, quite understandably, unaware of (or at least insecure as to) its discretion to

---

[3]To the extent that there is any tension between the standard articulated in *Guest* and the standard set forth in [*Kenneth James*] *Johnson*, we are bound to apply the earlier rule set down in [*Kenneth James*] *Johnson*. *See Sowards v. Loudon County, Tenn.*, 203 F.3d 426, 431 n.1 (6th Cir. 2000).

consider that the 100-to-1 ratio might result in a sentence greater than necessary, there was an unacceptable likelihood of error."); *United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008) ("In this case, the district court said nothing in either [defendant's] sentencing hearing about the disparity. It [thus] is unclear whether the district court declined to use its discretion in the requested manner because of then-current Eighth Circuit precedent or because it did not find that the disparity warranted any variance from the guidelines." (citation omitted)). The test we applied in [*Kenneth James*] *Johnson* thus appears to be consistent with the general consensus among the circuits that remand is required where "it is impossible to know, ex post, whether the court would have exercised its discretion to mitigate the sentencing range produced by the 100-to-1 disparity."[4] *Regalado*, 518 F.3d at 147.

**B.**

The government argues, however, that we should not consider Cole's claim under *Kimbrough* and *Guest* and [*Kenneth James*] *Johnson* because Cole was sentenced under the career-offender Guideline, not the crack cocaine Guideline. The government is correct that Cole was sentenced under the career-offender enhancement set forth in U.S.S.G. § 4B1.1(a), which moved the total offense level to 34, and not the crack cocaine Guideline set forth in U.S.S.G. § 2D1.1(c)(5), which

---

[4]*But see United States v. Russell*, 564 F.3d 200, 203 (3d Cir. 2009) (remanding because the district court expressly stated that, under controlling Third Circuit precedent, it "may not categorically reject the crack/powdered cocaine differential as a matter of policy"); *United States v. Boardman*, 528 F.3d 86, 87 (1st Cir. 2008) ("[B]ecause [the district court] has broader freedom that it did before *Kimbrough* and there is some *explicit indication* that it might well alter its sentence in light of that, we think a remand is warranted to permit the court to make its own decision now informed by *Kimbrough*." (emphasis added))

prescribed an offense level of 30. The government also is correct that a number of decisions from other circuits support its position. *See United States v. Harris*, 536 F.3d 798, 813 (7th Cir. 2008) ("We follow our sister circuits and clarify: a sentence entered under the career offender guideline, § 4B1.1, raises no *Kimbrough* problem because to the extent it treats crack cocaine differently from powder cocaine, the disparity arises from a statute, not from the advisory guidelines."); *United States v. Ogman*, 535 F.3d 108, 109 (2d Cir. 2008) (clarifying that where "a district court sentences a defendant pursuant to a Guidelines range that results from his status as a career offender, and without reliance upon the Guidelines' drug quantity table and the crack to powder ratio that it incorporates, the sentence does not present the type of error for which remand in accordance [with] *Regalado* is appropriate"); *United States v. Jimenez*, 512 F.3d 1, 8-9 (1st Cir. 2007) ("As we have explained, the crack/powder dichotomy is irrelevant to the career offender sentence actually imposed in this case. Consequently, the decision in *Kimbrough* – though doubtless important for some cases – is of only academic interest here."); *see also United States v. McCorkle*, 291 F. App'x 545, 546 n.1 (4th Cir. 2008) ("We find that *Kimbrough* is of no assistance to McCorkle because his ultimate guideline range was not determined based on drug quantity but on his status as a career offender."); *United States v. Grissom*, 290 F. App'x 258, 260 (11th Cir. 2008) ("Further, his offense level was based on his status as a career offender, which similarly does not distinguish between crack and powder cocaine. Thus, the range suggested by the Guidelines – and adopted by the district court – was not the result of the disparity discussed in *Kimbrough*."). After reviewing those decisions and our own case law on this issue, however, we conclude that our case law does not support the position advocated by the government.

Regardless of whatever other circuits have done in this respect, our case law makes clear that the authority recognized in *Kimbrough* and *Spears* applies to all aspects of the Guidelines. *See United States v. Herrera-Zuniga*, ___ F.3d ___, 2009 U.S. App. LEXIS 14941, at *33-40 (6th Cir. 2009). The government's argument thus rests on a distinction without a difference. Because the Guidelines are advisory, the district court has the authority to decline to follow the career-offender enhancement. If the district court misunderstood its authority in this regard, that error—as well as any resulting prejudice to the defendant—is no different than if the error had been committed in the crack cocaine context, and thus would justify remand under *Kimbrough* and *Spears*. *See Boardman*, 528 F.3d at 87-88 (remanding under *Kimbrough* even though defendant was sentenced under U.S.S.G. § 4B1.1).

The grounds on which the other circuits have refused to apply *Kimbrough* to the career-offender Guidelines are utterly flawed. In *Harris*, for example, the Seventh Circuit reasoned that *Kimbrough* does not apply to the career-offender enhancement prescribed in U.S.S.G. § 4B1.1 because that enhancement "arises from a statute." 536 F.3d at 813 ("While the sentencing guidelines may be only advisory for district judges, congressional legislation is not."). In the same breath, however, the *Harris* court confusingly cautions that "our discussion should not be read to suggest that § 4B1.1 is any less advisory for a district judge than the other sentencing guidelines."[5] *Id.*

---

[5]This tension is not limited to the Seventh Circuit's decision in *Harris*. For example, the First Circuit's decision in *Jimenez*, 512 F.3d at 8-9 (reasoning that the "crack/powder dichotomy is irrelevant to the career offender sentence actually imposed in this case," and suggesting that "the decision in *Kimbrough* – though doubtless important for some cases – is of only academic interest here"), appears difficult to reconcile with that court's subsequent holding in *Boardman*, 528 F.3d at 87-88 (remanding career-offender case for resentencing so that the district court could "consider

- 12 -

In addition to being internally contradictory, the rationale underlying the Seventh Circuit's holding in *Harris* also is mistaken. The sentencing enhancements prescribed under the career offender Guideline are based on 28 U.S.C. § 994(h) which provides that "[t]he Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized" for certain "categories of defendants." This mandate, however, does not alter the fact that the sentencing range prescribed under the U.S.S.G. § 4B1.1 is advisory. Nor does it alter the fact that the district courts possess the authority to decline to follow the recommended enhancement for policy reasons. *See Herrera-Zuniga*, 2009 U.S. App. LEXIS 14941, at *37 (recognizing that "the authority of district courts to reject the Guidelines on policy grounds follows inexorably from the Court's holding in *Booker* that the Guidelines are advisory only"). In other words, the career offender Guideline does not "arise from a statute" in any unique way that would preclude that aspect of the Guidelines from the reach of *Booker* and *Kimbrough* and *Spears*.

For that reason, we decline the government's suggestion that *Kimbrough* and *Spears* do not apply here.

## IV.

After reviewing the sentencing transcript, we conclude that there is not a sufficient "indication of error in the record" to justify remand with regard to the application of the crack cocaine Guideline, and certainly no "clear" or "express" statement that the district court felt precluded from disagreeing with then-applicable 100-to-1 sentencing ratio embodied in U.S.S.G. §

such issues with the additional latitude furnished by *Kimbrough*.").

2D1.1(c)(5) or that it believed that the career-offender enhancement did not apply. Nor do we lack the ability to "ascertain[] whether the district judge would have imposed the same sentence." On the contrary, the sentencing transcript indicates that the district court agreed that "the probation officer has correctly calculated the guidelines" and that crack cocaine offenses warrant harsher sentences.

In pronouncing sentence, the district court made clear that it viewed crack cocaine as "a very serious problem" that "causes all kinds of heartache in our community." The district court also commented that it "want[ed] to send a message to other crack dealers that if you get caught dealing crack the penalties for that are severe." In fact, the sentencing transcript indicates that the only reason that the district court agreed to sentence Cole at the low end of the advisory Guidelines range was that Cole had offered substantial assistance to the government in at least four other ongoing investigations, and issue obviously having nothing at all to do with the district court's policy opinion regarding the severity of the crack cocaine Guidelines. As the court explained: "However, based on the fact that you have tried to do the right thing since your arrest in this case, [and] the fact that [the] government has recommended the minimum sentence within your guideline range, that's going to be the sentence I impose."

On this record, we find no basis to conclude that the district court failed to recognize its authority to deviate from the Guidelines.

## CONCLUSION

For the foregoing reasons, we hereby **AFFIRM** the sentence imposed by the district court.