NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0364n.06

No. 12-5815

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff – Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| CHAUNTTA LEWIS, | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| Defendant – Appellant. | ) | TENNESSEE |
| | ) | |
| | ) | |
| | ) | |

FILED
*Apr 11, 2013*
DEBORAH S. HUNT, Clerk

Before: MOORE and STRANCH, Circuit Judges; HOOD, District Judge[*]

**JANE B. STRANCH**, Circuit Judge. Defendant Chauntta Lewis pleaded guilty to a felony

charge of Racketeering – Promoting the Prostitution of a Minor in violation of 18 U.S.C. §

1952(a)(2). She was sentenced to fifty-four months in prison, and she now appeals the sentence as

substantively unreasonable. Defendant argues that the district court did not recognize its authority

to justify a sentence below the United States Sentencing Commission Guidelines based on a policy

disagreement with the Guidelines. Finding no error, we affirm Defendant's sentence.

During the sentencing hearing, the district court calculated a Guidelines range of seventy to

eighty-seven months. After hearing testimony from the Defendant's family members, the court

proceeded to a thorough consideration of the sentencing factors in 18 U.S.C. § 3553(a). The court

subtracted thirty-three months from the high end of the range to account for the Defendant's

---

[*]The Honorable Joseph Martin Hood, United States District Judge for the Eastern District
of Kentucky, sitting by designation.

substantial assistance in securing a guilty plea by her former boyfriend and testifying against another defendant at trial. *See* United States Sentencing Guidelines § 5K1.1.

At the close of sentencing, defense counsel made two requests: for a split confinement, and for the court to calculate the downward departure for substantial assistance from the low end of the Guidelines range instead of the high end. The court rejected those requests based on its belief that the plea agreement had already been "very, very, very beneficial" to the Defendant. Sentencing Tr. 60, R. 32 at PageID# 179. The court added that a "substantially higher [sentence] . . . could be justified," and that the case involved "egregious offense conduct." *Id.* at 65, Page ID# 184. The court then sentenced Defendant to fifty-four months in prison, followed by supervised release, and defense counsel disclaimed any further objections. *See United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004).

On appeal, Defendant argues that the district court imposed a substantively unreasonable sentence when it relied on two impermissible factors: (1) the court's perceived lack of authority to vary from the Guidelines based upon policy disagreements with the law, and (2) the court's perceived lack of authority to grant extreme variances. To support this argument, Defendant directs us to the following statement that the district court made while describing the § 3553 factors:

> We're also required to consider whether or not there will be unwarranted sentencing disparity created. In other words, if the judge in a part of the United States says . . . they don't believe in this law, which a judge is not allowed to do that, actually, we're required to uphold the law, we take an oath to do that, we don't have that option, and we don't do that, but somebody says, well, I'm just going to give everybody with these kinds of crimes . . . 30 days, that would create terrible sentencing disparity. The same thing would be true if the judge said I'm going to give everybody who comes in on these charges 20 years. Sentences have to make sense when compared with the sentences of other people who are similarly situated.

> They have to be reconciled. They don't have to be the same because everybody is different, but they have to make sense, and so we really want to avoid . . . unwarranted sentencing disparity.

Sentencing Tr. 53, R. 32 at PageID# 172.

The Government argues that we should review Defendant's claim under the plain-error standard because the perceived-lack-of-authority argument identifies an issue of procedural reasonableness and the Defendant did not raise the objection following the *Bostic* question. *See United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008) (stating that plain-error is the standard of review for procedural-unreasonableness arguments not raised below, while abuse-of-discretion is the standard for substantive-unreasonableness arguments). Defendant argues that we should review the argument under an abuse-of-discretion standard because a sentence may be considered *substantively* unreasonable where it is based on an impermissible factor. *See United States v. Tolbert*, 668 F.3d 798, 803 (6th Cir. 2012). We find no reason to wade into this argument because the sentence was not unreasonable under either standard of review.

The Supreme Court has clarified that a district court has "authority to vary from the crack cocaine Guidelines based on *policy* disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." *Spears v. United States*, 555 U.S. 261, 264 (2009). And we have held that this authority is not limited to the crack cocaine context. *See United States v. Herrera-Zuniga*, 571 F.3d 568, 584 (6th Cir. 2009). Rather, this discretion "applies to all aspects of the Guidelines." *United States v. Cole,* 343 F. App'x 109, 115 (6th Cir. 2009).

Relief is not appropriate in this case, however, because we simply cannot read the district court's statement as implying that it had no authority to vary based on a policy disagreement. At most, the district court acknowledged that there can be tension between the authority to vary based on policy disagreements and the § 3553(a)(6) need-to-avoid-unwarranted-disparities factor. The court made the statement only in the context of describing what might amount to an unwarranted disparity, and the court did not state that § 3553(a)(6) necessarily trumps the authority to vary based on policy concerns. Considering the challenged statement in the context of the full sentencing transcript, moreover, reveals that the statement followed the court's explanation of the wide range of sentencing options available.

Finally, while not dispositive, we note that Defendant never asked the court to vary downward based on policy disagreements with the law. Even if Defendant had done so, however, the transcript provides no reason to believe such a request would have been granted. To the contrary, the court made it abundantly clear throughout the hearing that it found the Guidelines range generally appropriate given the seriousness of the crime and the need for deterrence.

For the reasons stated above, we AFFIRM the district court's sentence.