**UNITED STATES of America,
Plaintiffs–Appellees,**

v.

**William ROBINSON, Timothy Hunt,
Defendants–Appellants.**

No. 00–6355, 00–6529.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2002.

Before NORRIS and CLAY, Circuit Judges; and SARGUS, District Judge.[*]

SARGUS, District Judge.

Defendants William Robinson and Timothy Hunt appeal from the sentences imposed by the district court. Both Robinson and Hunt contend that the district court erred in denying a mitigating role adjustment in the course of computing the sentencing guidelines range applicable to their respective sentences. For the reasons that follow, we AFFIRM the decision of the district court.

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

## I.

On March 20, 2000, a grand jury returned a two count indictment charging William Robinson, Timothy Hunt and Jamacia Rodgers with conspiracy to traffic in cocaine base, in violation of 21 U.S.C. § 846, and possessing cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a). Rodgers thereafter entered a plea of guilty to a single count and cooperated with the government by testifying in the subsequent trial of Hunt and Robinson in which they were convicted on both counts. Rodgers testified that in July of 1998, he was released from jail and sought Robinson's assistance in the distribution of crack cocaine. According to Rodgers, Robinson gave him two grams of crack cocaine in order to help him begin his drug trafficking activities. Further, Rodgers testified that Robinson helped him by letting him serve customers of Robinson. After Rodgers' business flourished, Robinson began helping him by delivering crack cocaine, counting money, and servicing customers. Robinson was paid in cash and additional crack cocaine.

Rodgers also testified that Hunt essentially performed the same role as Robinson. Hunt would also deliver drugs, count money, and service customers. He was also paid with cash and crack cocaine for his activities. Finally, Rodgers testified that with the help of Robinson and Hunt he distributed approximately four to five kilograms of crack cocaine from November of 1999 through February of 2000, a period of time included in the duration of the conspiracy alleged in Count I.

The United States also presented the testimony of Demetrius Blakemore who

had worked as a paid informant for the Jackson, Tennessee Police Department. According to Blakemore, he purchased cocaine from Rodgers on three or four separate occasions. On each occasion, Robinson opened the door to Rodgers' apartment and actually counted the money given by Blakemore for the cocaine. Blakemore also testified that while in Rodgers' apartment, he saw approximately twelve ounces of crack cocaine wrapped in individual ounces on the counter.

Further, the Jackson Police Department executed a search warrant of Rodgers' residence on February 18, 2000. Prior to execution, the officers had to force entry into the apartment because the occupants had moved furniture against the door to prevent the officers from entering the apartment. Upon entry, the officers discovered Robinson on the floor with a loaded pistol beneath him. Hunt and Rodgers were found in separate bedrooms. The officers also observed Rodgers throw a bag outside of a window which was ultimately determined to contain cocaine base.

With regard to Robinson, the presentence report calculated his offense level at 40 with a criminal history category of I, yielding a guideline range of 292 to 365 months. With regard to Hunt, the presentence report determined his offense level to also be 40, while his criminal history category was placed at II, yielding a guideline range of 324 to 405 months. Based upon the Supreme Court's decision in *Apprendi v. United States,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the

district court found that because neither the indictment nor the jury had addressed the issue of drug quantity, the maximum sentence to which either Hunt or Robinson could be sentenced was 20 years, or 240 months under 21 U.S.C. § 841(b)(1)(C).[1] Prior to sentencing, both defendants objected to the probation officer's recommendation that neither defendant was entitled to an adjustment as either a minor or a minimal participant under U.S.S.G. § 3B1.2(a) or (b).

The district court denied Robinson's request for such adjustment and found:

> Now we turn to role in the offense. This defendant was, clearly, more involved in this conspiracy than a minimal or minor participant. A minimal participant is someone who, for example, offloads one shipment of marijuana. A minor participant is one who is more involved than that but less involved than most of the others. But in this case, the defendant was, clearly, involved in a very active way in the day-to-day operation of this conspiracy. The evidence I heard was that this defendant counted the money. He weighed the drugs. He distributed the drugs. He was, clearly, involved in the day-to-day operations. While it's true that he may not have been the general of the operation, he was at least a sergeant; and that's enough to void a reduction for role in the offense.

Similarly, the district court denied Hunt's objection and made the following findings:

> Now, on the issue of whether or not the defendant was a minor or minimal par-

---

1. As noted *infra,* both defendants argue that they should be entitled to either a four or two level reduction as either minimal or minor participants pursuant to U.S.S.G. § 3B1.2(a) or (b). With regard to Defendant Hunt, however, even if this Court were to find that he is entitled to the application of a minor role adjustment entitling him to a two level reduc-

tion, his recomputed guideline range at an offense level 38 and criminal history category of II would be 262 to 327 months, a range beyond the statutory maximum of 240 months. Consequently, the trial judge could only have imposed a 240 month sentence, rendering this issue raised by Hunt as moot.

ticipant, he, clearly, was not. Now, there may be different levels of culpability, but that's always the case in a drug conspiracy. You always have generals and captains and lieutenants and sergeants and, I guess, privates. But the fact that one is not a general or even a captain or a lieutenant does not mean that he is a minor or minimal participant.

Mr. Hunt was actively involved in this conspiracy. He was taking drugs regularly, having them fronted to him and then making sales and deliveries. So he, clearly, was not a minor or minimal participant.

Hunt and Robinson contend that the district court erred in failing to find that the defendants qualified for a reduction of the applicable offense level under U.S.S.G. § 3B1.2.

## II.

In reviewing a district court's denial of a mitigating role adjustment under U.S.S.G. § 3B1.2, this Court reviews for clear error. *United States v. Owusu*, 199 F.3d 329, 337 (6th Cir.2000).

The appellants contend that they are entitled to either a four level or two level reduction in their offense level based upon U.S.S.G. § 3B1.2(a) and (b) which provides:

*Mitigating Role*

Based on the defendant's role in the offense, decrease the offense level as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

The Commentary defines minimal role as follows:

1. Subsection (a) applies to a defendant who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant.

Further, paragraph two of the same commentary provides, "it is intended that the downward adjustment for a minimal participant will be used infrequently." Paragraph three of the Commentary defines minor participant as "... any participant who is less culpable than most other participants, but whose role could not be described as minimal."[2]

As is clear from the Guideline and accompanying Commentary, simply because the defendant may be less culpable than others involved in the conspiracy does not require that such defendant be viewed as a minor or minimal participant. *United States v. Jackson*, 55 F.3d 1219, 1225 (1995). In this case, Hunt and Robinson played major roles in the drug trafficking operation and were aware of the extent of the enterprise. Although this issue is not by itself controlling, neither defendant was sentenced based upon quantities of drugs that they did not handle or were unaware that such drugs were being sold within the conspiracy. While both defendants may be less culpable than Rogers, each played a significant role in the drug trafficking organization.

**2.** The Sentencing Guidelines provide in 1B1.11(a) that in the absence of *ex post facto* considerations, the district court shall apply the guidelines in effect at the time of sentencing. The Commentary herein quoted accompanies the year 2000 guidelines.

The district court found that both Robinson and Hunt were active in day-to-day operations of the conspiracy by counting money and distributing drugs. The district court analogized the role of both defendants as greater than a private, but less than a general. The district court correctly concluded that both defendants were intimately involved and fully aware of the drugs moved in the conspiracy.

### III.

Based upon the foregoing, this Court concludes that the district court was not clearly erroneous in refusing to grant the mitigating role under U.S.S.G. § 3B1.2. The decision of the district court is therefore AFFIRMED.