RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0140p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

v.                                                               No. 07-2250

BRYAN MICHAEL VANDEWEGE,
               *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 06-00263—Robert J. Jonker, District Judge.

Argued: October 22, 2008

Decided and Filed: April 8, 2009

Before: KEITH, MERRITT, and GIBBONS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** David L. Kaczor, FEDERAL PUBLIC DEFENDER'S OFFICE, WESTERN DISTRICT OF MICHIGAN, Grand Rapids, Michigan, for Appellant. Jennifer L. McManus, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Richard D. Stroba, FEDERAL PUBLIC DEFENDER'S OFFICE, WESTERN DISTRICT OF MICHIGAN, Grand Rapids, Michigan, for Appellant. Jennifer L. McManus, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

MERRITT, J., delivered the opinion of the court, in which KEITH, J., joined. GIBBONS, J. (pp. 4-5), delivered a separate opinion concurring in the judgment.

_____

## OPINION

_____

MERRITT, Circuit Judge. The defendant, who is addicted to cocaine, appeals his 162-month sentence for distribution of cocaine, a significant part of which is attributable to 12.3 grams of crack cocaine found underneath the passenger-side floorboard mat of his car.

1

On appeal, he contests only the portion of his sentence attributed to the 12.3 grams and, in addition, requests resentencing because of the recent retroactive application of new crack cocaine guidelines, an argument with which the government basically agrees.

The defendant himself did not admit or deny knowledge of the 12.3 grams, or that he possessed it for distribution, but his counsel argued that the sentencing court should not attribute it to him because there is no direct evidence that he knew it was under the floor mat of his car or that it was not for personal use. The defendant does not raise any issue regarding the judge's authority to make the fact finding, as distinguished from its correctness. We conclude that the sentencing court did not commit clear error when it drew the inference that possession of the crack was part of the defendant's course of conduct of cocaine distribution. The fact that the defendant, while driving his car with police in pursuit, had just thrown a baggie of powdered cocaine out of the car, supports the inference that he was trying to rid himself of drugs but was unable to reach the crack on the other side of the car and throw it out.

We grant the defendant's request for resentencing under 18 U.S.C. § 3582(c)(2) because the sentencing range of "his term of imprisonment . . . has subsequently been lowered by the Sentencing Commission." This same provision admonishes the court to consider again "the factors set forth in section 3553." We note that the sentencing court instructed the Bureau of Prisons to attempt rehabilitation by treating and trying to cure the defendant's drug addiction. This § 3582(c)(2) is part of the same subsection that allows courts to modify sentences for compelling reasons upon motion of the Bureau of Prisons. It may be that the Bureau of Prisons will have further information concerning rehabilitation worthy of consideration under § 3553.

In a case similar to the instant case involving retroactive application of the crack cocaine guidelines, the Supreme Court recently clarified "that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those guidelines." *Spears v. United States*, 555 U.S. ____ (2009). The district court here did not recognize that authority, stating, "I do believe that policy judgments of whether crack and powder are equivalent or not is not for me to make." As we have recognized, this misunderstanding provides additional grounds to remand the case for

resentencing. *See United States v. Johnson*, No. 07-2447 (6th Cir. Jan. 26, 2009) (vacating defendant's sentence and remanding for resentencing in light of *Spears*). The Supreme Court has made it clear that where a sentencing judge "varies from the Guidelines . . . in a mine-run case" based on a policy disagreement or consideration of § 3553 standards, "closer review may be in order." *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007). After sentencing, it then becomes the duty of the appellate judge to decide whether "the sentence was reasonable," as the Supreme Court tells us in *Kimbrough* at 576: "[t]he ultimate question in Kimbrough's case is 'whether the sentence was reasonable — *i.e.*, whether the District Judge abused his discretion in determining that the § 3553(a) factor supported a sentence of [15 years] and justified a substantial deviation from the Guidelines range.'"

Accordingly, the District Court's attribution to defendant of the 12.3 grams of crack cocaine was not error, but the case is remanded to the District Court for resentencing under 18 U.S.C. § 3582(c)(2).

———————————————————————

**CONCURRING IN THE JUDGMENT**
———————————————————————

JULIA SMITH GIBBONS, Circuit Judge, concurring in the judgment. I join in the court's judgment that the district court did not commit clear error in attributing to Vandewege the 12.3 grams of crack cocaine found under the passenger-side floormat of Vandewege's car for purposes of calculating his advisory Sentencing Guidelines range. *See* U.S.S.G. § 1B1.3(a)(2) (requiring "all acts and omissions" that are "part of the same course of conduct or common scheme or plan" to be included in the Guidelines calculation). I also agree with the court that a remand for resentencing is appropriate in light of the Sentencing Commission's alteration of the crack-cocaine ratio, a point that the government concedes. *See* 18 U.S.C. § 3582(c)(2) (allowing for resentencing where the Commission has subsequently lowered the applicable Guideline range). However, I cannot agree with the majority's characterization – albeit in *dicta* – of the Supreme Court's recent decision in *Kimbrough v. United States*, 128 S. Ct. 558 (2007)*;* and for that reason, I concur in the judgment only.

*Spears v. United States*, 129 S. Ct. 840 (2009) clarified the Supreme Court's 2007 holding in *Kimbrough*, which examined what deference district courts must give to the sentencing ratio established by the Sentencing Commission for crack and cocaine offenses. Succinctly stated, *Kimbrough* held that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." *Spears*, 128 S. Ct. at 843-44. Neither *Kimbrough* nor *Spears* authorized district courts to categorically reject the policy judgments of the Sentencing Commission in areas outside of crack-cocaine offenses, as the majority suggests. *See* Maj. Op. at 3 (asserting that "[t]he Supreme Court has made it clear" that district judges may depart from the Guidelines based upon any policy disagreement and claiming that the Court has established a higher standard of review for such departures). *Kimbrough* instead expressly reserved the question as to whether a district court could categorically vary from the Guideline range based solely upon a policy disagreement with the Commission in an area other than the crack-cocaine disparity. *Kimbrough*, 128 S. Ct. at 575 (noting that the "crack cocaine Guidelines . . . present no occasion for elaborative discussion" of the larger question

of district courts' ability to categorically disagree with the Commission's policy decisions). This was because the crack-cocaine Guidelines did "not exemplify the Commission's exercise of its characteristic institutional role" of gathering "empirical data and national experience" and adjusting the Guideline range accordingly. *Id.* (internal quotation and citation omitted); *see also Spears*, 129 S. Ct. at 842-43 (noting that *Kimbrough*'s holding allowing for categorical departures based upon policy disagreements applied only as to sentences for crack or cocaine offenses). The Supreme Court only hinted that *if* a district court *could* categorically depart from the Guidelines range in an area where the Commission has exercised its "characteristic institutional role," closer scrutiny of such a variance *may* be required. *Kimbrough*, 128 S. Ct. at 575 ("[C]loser review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range fails to properly reflect § 3553(a) considerations even in a mine-run case." (internal quotation and citation omitted)). *Kimbrough* has thus not "made it clear" that district courts may vary from the Guidelines based solely upon any policy disagreement. Maj. Op. at 3.

Applied to the present case, this debate over *Kimbrough* and *Spears*'s portent is purely academic. Vandewege's appeal presents us only with a defendant convicted of distributing cocaine, an area where the district courts' authority to categorically depart from the Guidelines' policy is clear. We therefore have no occasion or authority to issue any holding bestowing upon district courts the *carte blanche* power to reject all policy decisions made by the Sentencing Commission, the *dicta* of the majority notwithstanding. With these observations, I concur in the judgment of the court.