NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0265n.06

No. 09-3865

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Apr 29, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

    v.

ANTHONY T. TANKER,

    Defendant-Appellant.

On Appeal from the United
States District Court for the
Northern District of Ohio

_____/

**Before:**      **GUY, BOGGS, and SUTTON, Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge.**      Defendant Anthony T. Tanker pleaded guilty pursuant to a Rule 11 Plea Agreement to four counts of a superseding indictment: specifically, two counts of theft of public money, 18 U.S.C. § 641 (counts 1 & 2); and two counts of making false statements, 18 U.S.C. § 1001 (7 & 8). Tanker appeals from the concurrent 21-month sentences imposed by the district court, arguing (1) that he was not afforded an opportunity for allocution as required by Fed. R. Crim. P. 32(i)(4)(A)(ii); and (2) that his sentence, although at the bottom of the Sentencing Guidelines range, was procedurally and substantively unreasonable. The government not only disputes these claims, but also argues that the defendant's waiver of appeal bars review of the reasonableness of his sentence. After review of the record, we affirm.

**I.**

Anthony Tanker and codefendant Carla Rucker were charged with offenses arising out of their receipt of Supplemental Security Income (SSI) benefits and Section 8 Housing Choice Voucher Program rent subsidies in amounts greater than they were entitled to as a married couple living together. Having represented to the Social Security Administration (SSA) that they were single and living alone, Tanker and Rucker received $36,096.28 in SSI benefits to which they were not entitled between April 2001 and July 2008 (count 1). Between December 2001 and November 2007, the Department of Housing and Urban Development (HUD), through the Cuyahoga Metropolitan Housing Authority (CMHA), provided Section 8 rental subsidies to Tanker and Rucker to which they were not entitled. Tanker received $19,755.00 for an address that he sublet to someone else, while Rucker received $42,752.50 more than she should have since she was living with Tanker (count 2). Tanker's convictions for making false statements were for statements made to the CMHA in October 2004 and October 2005, in which he denied ever having been arrested and failed to report that he was residing with Rucker (counts 7 & 8).

Ultimately, after being found competent to stand trial, Tanker entered into a written Rule 11 plea agreement. The plea agreement recommended that the court find defendant had a total adjusted offense level of 10, taking into account the amount of loss and making adjustments for defendant's obstruction of justice and his acceptance of responsibility. There was no agreement as to criminal history, except that it would be determined by the court after completion of the presentence report. It was also agreed that no departure, upward or

downward, would be requested, and that a sentence within the Sentencing Guidelines range would be recommended. Finally, the agreement contained waivers of the right to appeal or collaterally attack the defendant's conviction or sentence except for any punishment in excess of the maximum, any sentence to the extent it exceeded the Sentencing Guidelines computation determined by the court, any alleged error or miscalculation of his criminal history, and any claims of ineffective assistance of counsel or prosecutorial misconduct.

At the change-of-plea hearing, the prosecutor outlined the terms of the plea agreement and added that the government anticipated that the defendant's criminal history would place him in criminal history category II with a Sentencing Guidelines range of 8 to 14 months. The completed presentence report, however, found that defendant had a criminal history category of V. The presentence report also recommended a higher adjusted offense level than what was agreed to in the plea agreement. At sentencing, the district court accepted the offense level set forth in the plea agreement, but rejected defendant's argument that the Sentencing Guidelines calculation overstated his criminal history. The district court calculated the Sentencing Guidelines range to be 21 to 27 months' imprisonment, and concluded that an appropriate sentence in light of the 18 U.S.C. § 3553(a) factors would be at the bottom of that range. Defendant was sentenced to two concurrent 21-month terms of imprisonment, to be followed by three years of supervised release, and ordered to pay restitution in the amount of $55,851. This appeal followed.

## II.

A.      **Allocution**

A defendant's claim that the district court completely denied his right to allocution at sentencing is reviewed *de novo*. *United States v. Wolfe*, 71 F.3d 611, 614 (6th Cir. 1995); *United States v. Carter*, 355 F.3d 920, 926 n.3 (6th Cir. 2004). Before imposing sentence, the district court must, among other things, "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." FED. R. CRIM. P. 32(i)(4)(A)(ii); *see also Green v. United States*, 365 U.S. 301, 305 (1961). "Compliance with Rule 32(i)(4)(A)(ii) requires the sentencing judge to 'personally and unambiguously invite the defendant to speak in his own behalf.'" *United States v. Haygood*, 549 F.3d 1049, 1054 (6th Cir. 2008) (quoting *United States v. Thomas*, 875 F.2d 559, 562-63 (6th Cir. 1989)).

At sentencing in this case, the district judge addressed the objections to the presentence report, calculated the Sentencing Guidelines range to be 21 to 27 months, and then invited arguments with respect to the appropriate sentence. Defense counsel spoke first on defendant's behalf. Then, the district judge addressed the defendant directly and the following exchange occurred:

> THE COURT: All Right. Mr. Tanker, would you like to speak to the court?
>
> THE DEFENDANT: Yes, sir, your Honor.
>
> What I would like the court to know, I made a mistake in my life and I'm accepting responsibility. And some kind of way, I'll make sure some kind of way, if I ever get the money, I'll make payments to repay every penny of the money back. That would be my goal, try to get these people paid back.
>
> And I'm very sorry that it happened, and it won't happen again.

The district judge then explained his view that defendant's criminal history was not overrepresented, and questioned how defendant had so many charges that were dismissed. Defendant asked if he could say something, and was allowed an opportunity to explain. While this pertained specifically to the defendant's criminal history, defendant had already been invited personally and unambiguously to address the court concerning the appropriate sentence. We find that the defendant was not denied his right to allocution before sentencing.[1]

## B.    Reasonableness

Defendant argues that the 21-month sentence of imprisonment was both procedurally and substantively unreasonable. The government's twofold response defends the reasonableness of the sentence, while also arguing that these claims are barred by defendant's waiver of appeal rights. Without challenging the validity of the waiver or denying that these claims are encompassed by the waiver, defendant replies that the government forfeited the right to rely on the waiver by raising the issue for the first time in its merits brief.

We have "strongly encourage[d] the government to promptly file a motion to dismiss the defendant's appeal where the defendant waived his appellate rights as part of a plea agreement, and to attach a copy of the appellate-waiver provision and the transcript of the plea colloquy showing the district court's compliance with Rule 11(b)(1)(N)." *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). We have also recognized that the

---

[1]Since the government does not argue it, and it is clear from the record that defendant was afforded an opportunity for allocution as required by Rule 32(i)(A)(4)(ii), we need not consider whether the waiver of appeal rights in the plea agreement would encompass this claim.

"government can forfeit a waiver argument by failing to raise it in a timely fashion." *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998) (holding that government's failure to raise waiver in § 2255 proceeding in the district court resulted in forfeiture of the right to rely on the waiver on appeal). This court has not held, however, that the failure to file a motion to dismiss would result in forfeiture of the right to rely on an otherwise valid waiver of appeal. Although defendant relies on our decision in *United States v. Berro*, 348 F. App'x 98 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 1113 (2010), that case is not precisely on point. There, we did not find forfeiture; rather, we decided to address the merits since the appellate waiver issue was not raised by the government or briefed by the parties. *See id.* at 100-01.

We need not decide whether the government asserted the waiver in a timely fashion because, although the appellate waiver was referred to as jurisdictional in *McGilvery*, closer consideration of the issue has led to the conclusion that an appellate waiver does not deprive the court of jurisdiction to decide the claims on the merits. *United States v. Caruthers*, 458 F.3d 459, 472 n.6 (6th Cir. 2006). In this case, defendant's claims of procedural and substantive unreasonableness are without merit.

A sentence is procedurally unreasonable if the court committed serious procedural error "such as failing to calculate (or improperly calculating) the Sentencing Guidelines range, treating the Sentencing Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be considered substantively

unreasonable when the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *United States v. Collington*, 461F.3d 805, 808 (6th Cir. 2006) (citation omitted). The district court's sentencing decisions are reviewed for abuse of discretion. *Gall*, 552 U.S. at 51.

Defendant argues that his sentence was procedurally unreasonable because the district judge said he would use the Sentencing Guidelines contemplated by the plea agreement but then calculated the Sentencing Guidelines range to be higher than the parties had anticipated. This argument, if it can be categorized as procedural error, is based on a misreading of the record. Defendant relies on the district judge's statement that "since there is a difference, the presentence report comes out with the higher number than what was calculated by counsel and the defendant, when the parties entered into this plea agreement. The court's policy has always been to follow the calculations set forth in the plea agreement." In fact, the district court upheld defendant's objection to the higher adjusted offense level and instead determined the Sentencing Guidelines range based on the adjusted offense level set forth in the plea agreement. There was no similar agreement with respect to criminal history for the court to adhere to, notwithstanding the prosecutor's statement during the plea hearing that he anticipated defendant's criminal history category would be II and would correspond to a Sentencing Guidelines range of 8 to 12 months. Rather, the plea agreement expressly provided that the criminal history category would be determined by the court after completion of the presentence report.

Attacking the substantive reasonableness, defendant argues that the 21-month sentence is unduly harsh, particularly because defendant has serious mental difficulties, is unable to read, and was not stealing for "leisure gain" but to support his family. Defendant also argues that he has strong family ties, and that a shorter sentence would have allowed him to work toward paying restitution. Defendant does not claim any error in the calculation of the Sentencing Guidelines range, or dispute that it was defendant's prior criminal history that resulted in a higher-than-anticipated Sentencing Guidelines range. The sentence, which is at the bottom of the properly calculated Sentencing Guidelines range, is entitled to a rebuttable presumption of substantive reasonableness on appeal. *Gall*, 552 U.S. at 51; *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). Nothing in the record convinces us that he has rebutted that presumption.

**AFFIRMED.**