**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0696n.06

**No. 08-6067**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | **Nov 15, 2010** |
| Plaintiff-Appellee, | ) | LEONARD GREEN, Clerk |
|  | ) |  |
| v. | ) | On Appeal from the United States |
|  | ) | District Court for the Western |
| WILLIAM ROBINSON, | ) | District of Tennessee |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |
|  | ) |  |

Before:    BOGGS, MOORE, and KETHLEDGE, Circuit Judges.

PER CURIAM.

William Robinson appeals from the district court's order modifying his sentence pursuant to 18 U.S.C. § 3582(c)(2). He argues that he was entitled to a sentence reduction below his revised Guidelines range. Because his case is controlled by the Supreme Court's decision in *Dillon v. United States*, 130 S. Ct. 2683 (2010), we affirm.

**I**

On June 27, 2000, a jury convicted Robinson of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846, and possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a). His total offense level was calculated at 40 with a criminal history category

I, which resulted in a Guidelines range of 292 to 365 months. However, the district court found that Robinson's maximum sentence was 240 months, or 20 years, under *Apprendi v. United States*, 530 U.S. 466 (2000). Accordingly, on September 28, 2000, the court sentenced Robinson to 240 months of imprisonment for each count, to run concurrently. We affirmed the sentence. *United States v. Robinson*, 42 F. App'x 789 (6th Cir. 2002).

On May 29, 2008, Robinson filed a motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). It is undisputed that he was eligible for a sentence reduction. However, Robinson argued that he was also eligible for a sentence that varied below the revised Guidelines range. The government objected, arguing that he was only entitled to have his initial Guidelines calculations reduced to be based on a total offense level of 38, rather than 40. The district court agreed, reducing Robinson's sentence from 240 months to 235 months. Robinson timely appealed.

## II

Robinson presents two questions on review: whether the district court incorrectly calculated his revised Guidelines sentence, and whether he is eligible for a sentence below the minimum revised Guidelines range. Because neither of these arguments have merit, we reject them in turn.

Robinson's first argument is that the sentence modification should take as a starting point his actual sentence rather than his original Guidelines range. As originally calculated, Robinson's minimum Guidelines sentence was 292 months, because he had an offense level of 40 and a criminal history category of I. However, he was sentenced to a lower term of 240 months because that was the maximum statutory term for his offense. Robinson argues that if his sentence were a Guidelines

sentence, it would fall into the range for an offense level of 38 and a criminal history category of I.

Robinson therefore argues that his two-level reduction should take him from an offense level 38 to

an offense level 36. This argument fails. By its terms, a § 3582(c)(2) proceeding exists for the

purpose of allowing persons convicted of crimes to take advantage of subsequent lenity in the

*Guidelines* only.[1] Robinson seems to assume that because his sentence was lower than the

Guidelines range, we should consider his Guidelines calculation to have been implicitly adjusted.

However, the imposition of a below-Guidelines maximum sentence has no effect on the Guidelines

calculation. Robinson is only entitled to have his offense level reduced from 40 to 38. Thus, the

district court did not err in imposing a revised sentence of 235 months.

Robinson also contends that *United States v. Booker*, 543 U.S. 220 (2005), applies to his

sentence modification proceedings, and that the district court should have varied from the revised

Guidelines range. However, the Supreme Court has expressly rejected that argument. In *Dillon v.*

*United States*, the Court held that "[g]iven the limited scope and purpose of § 3582(c)(2), we

conclude that proceedings under that section do not implicate the interests identified in *Booker*." 130

S. Ct. at 2692. The Court held that a defendant's Sixth Amendment rights were not violated by a

district court's decision to consider reducing his sentence no further than the bottom of the revised

Guidelines range. *Ibid.* And further, the Court held that the remedial aspects of *Booker* do not apply

in § 3582(c)(2) proceedings. *Id.* at 2693.

---

[1] The provision is applicable to "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Robinson also argues that in light of the Supreme Court's holding in *Spears v. United States*, 129 S. Ct. 840 (2009), he is entitled to resentencing because his sentencing judge failed to recognize his authority to deviate from the crack-cocaine guidelines. *Spears* held that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." 129 S. Ct. at 843-44. In Robinson's 2000 sentencing, the district court clearly felt bound by the Guidelines. The court opined, "Mr. Robinson, your case is troubling . . . [the long sentence] seems to be terribly unfortunate . . . [but] there is nothing that I can do to change the congressional intent that imposes sentences like this." R. 100/101, at 18. However, that sentence is final. *Dillon* allows only the narrow scope of revision established by § 3582(c)(2).

Robinson relies on our pre-*Dillon* decisions in *United States v. Vandewege*, 561 F.3d 608 (6th Cir. 2009), and *United States v. Johnson*, 553 F.3d 990 (6th Cir. 2009), for the proposition that the district court's misunderstanding of its authority to depart from the Guidelines warrants an automatic reversal. However, his reliance on *Vandewege* is misplaced. In that case, we granted the defendant's request for resentencing under 18 U.S.C. § 3582(c)(2)–a form of relief that Robinson has already received. We also indicated that *Spears* required a remand, but that was only because *Vandewege* involved a direct appeal. Consequently, *Vandewege* does not require reversal in an appeal from a § 3582(c)(2) sentence modification. *Johnson* is similarly unavailing. Although we remanded that case for resentencing in light of *Spears*, *Johnson* also involved a direct sentence appeal rather than a § 3582(c)(2) sentence modification.

In sum, *Dillon* squarely controls this case. Had Robinson been convicted and sentenced a few years later than he was, he might have been able to take advantage of *Spears* and *Kimbrough v.*

*United States*, 552 U.S. 85 (2007).  As it is, however, Robinson was validly sentenced and that sentence became final under the law as it existed at the time.  With limited exceptions, a "court may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Robinson simply has no procedural avenues left to pursue.

Accordingly, the district court did not abuse its discretion in modifying Robinson's sentence from 240 months to 235 months of imprisonment.  A §3582(c)(2) proceeding is not a plenary resentencing, and Robinson's arguments are thus unavailing.  For that reason, we AFFIRM.