**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 11a0538n.06**

**No. 09-1985**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Aug 03, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| BRYAN MICHAEL VANDEWEGE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GRIFFIN and WHITE, Circuit Judges; and WATSON, District Judge.[*]

GRIFFIN, Circuit Judge.

Defendant Bryan Vandewege plead guilty, pursuant to a plea agreement, to one count of distribution of cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). He appealed his sentence, and we remanded for resentencing because of then-recent retroactive application of new crack-cocaine guidelines. *United States v. Vandewege*, 561 F.3d 608, 609-10 (6th Cir. 2009). Vandewege now appeals from the 130-month sentence the district court imposed on remand. For the reasons set forth below, we dismiss this appeal.

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

I.

On November 7, 2006, a federal grand jury indicted Vandewege on five controlled-substance counts and one count of felon-in-possession of a firearm. Pursuant to a written plea agreement, Vandewege pleaded guilty to count three of the indictment, distribution of cocaine, in exchange for dismissal of the remaining counts. The plea agreement stated that "Defendant realizes that this charge is punishable by not more than 20 years in prison, a maximum fine of $1,000,000, a period of supervised release following incarceration of at least 3 years and a mandatory $100 special assessment." With regard to the guidelines range, Paragraph 7 stated that "Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement."

Vandewege's plea agreement also contained an appellate waiver provision, which stated that:

> Defendant knowingly waives the right to appeal a sentence that is within the guideline range as determined by the Court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever, in exchange for concessions made by the United States Attorney's office in this plea agreement, except that the Defendant may appeal on grounds preserved at sentencing, that the Court incorrectly determined the guideline range.

At his plea hearing, Vandewege affirmed that he understood that he was waiving some of his rights to appeal.

Following entry of Vandewege's guilty plea, a presentence investigation report ("PSR") was prepared that calculated Vandewege's total offense level as 30, and his criminal history as category VI. With a three-level adjustment for acceptance of responsibility, the total offense level was 27,

resulting in a guidelines range of 130 to 162 months. The district court imposed a sentence of 162 months.

Vandewege appealed on two grounds: (1) that the district court erred in determining Vandewege's guidelines range by including 12.3 grams of crack cocaine found in his car in calculating drug quantity (which determines the applicable base offense level); and (2) that remand for resentencing was required because of a then-new amendment that lowered the crack-cocaine guidelines range. *Vandewege*, 561 F.3d at 609. We held that the district court did not err by including the 12.3 grams of crack in Vandewege's drug-quantity computation. However, we remanded for resentencing under 18 U.S.C. § 3582(c) in light of the Sentencing Commission's alteration of the crack-cocaine guidelines. *Id*. at 609-10.

At the resentencing hearing, the district court explained that the revised guidelines range "would become the new and effective guideline range for all purposes here, including the appellate waiver triggers." Both parties agreed. The district court then calculated the new guidelines range as 110 to 137 months, based on an offense level of 25 and a criminal history category of VI. Defense counsel indicated that he had "no objections" to the district court's calculation of the guidelines range, but noted that he had made a request for a variance based on a policy disagreement with the crack and powder cocaine sentencing schemes.

Before imposing its sentence, the district court discussed all of the relevant § 3553(a) factors and Vandewege's request for a variance. Regarding Vandewege's variance request, the court noted: "I do recognize the discretion that the courts have afforded me now as a district judge in varying

from what the guidelines would indicate on the crack/powder disparity as it's called, and I want to make that clear because that certainly was a concern to the Court of Appeals." The court concluded, however, that it did not make sense to vary on policy grounds "in a case with this level of criminal history[.]" The court imposed a within-guidelines sentence of 130 months.

Vandewege now appeals the district court's denial of a variance from his within-guidelines sentence.

## II.

"[A] valid waiver of the right to appeal warrants the dismissal of an appeal that is filed in violation of the waiver[.]" *United States v. Crumpler*, 393 F. App'x 321, 327 (6th Cir. 2010) (citing *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005)). The question of whether a defendant waived the right to appeal his sentence in a valid plea agreement is reviewed de novo. *United States v. Thomas*, 605 F.3d 300, 312 (6th Cir. 2010); *United States v. Jones*, 569 F.3d 569, 571-72 (6th Cir. 2009). Plea agreements are to be interpreted strictly, with ambiguities construed against the government. *Thomas*, 605 F.3d at 312. It is well settled that "[a] defendant may waive any right, including a constitutional right, in a plea agreement so long as the waiver is knowing and voluntary." *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008) (citing *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004)). Consequently, "[w]hen a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) (second alteration in original) (citation and internal quotation marks omitted); *see also United States*

*v. Brice*, 373 F. App'x 561, 562 (6th Cir. 2010) ("A valid waiver precludes a defendant from bringing any type of claim not excluded by the agreement.").

Applying these principles, we hold that Vandewege has waived the issue he advances in this appeal: that his sentence is unreasonable because the district court denied his request for a downward variance from the guidelines range. The appellate waiver provision in Vandewege's plea agreement waives his right to appeal any sentence within his guidelines range, except on grounds, preserved at sentencing, that the district court incorrectly determined the guidelines range. At Vandewege's resentencing, defense counsel stated that he had "no objections" to the revised range of 110 to 137 months, noting only that the defense had "made a request for a substantial variance." Because Vandewege challenges only the district court's denial of a variance from the guidelines range – and not the guidelines range itself – his appeal is waived.

Vandewege contends that the government has forfeited the waiver argument by failing to bring it in a motion to dismiss. In this regard, we have "strongly encourage[d] the government to promptly file a motion to dismiss the defendant's appeal where the defendant waived his appellate rights as part of a plea agreement, and to attach a copy of the appellate-waiver provision and the transcript of the plea colloquy showing the district court's compliance with Rule 11(b)(1)(N)." *McGilvery*, 403 F.3d at 363. "This court has not held, however, that the failure to file a motion to dismiss would result in forfeiture of the right to rely on an otherwise valid waiver of appeal." *United States v. Tanker*, 375 F. App'x 554, 556 (6th Cir. 2010). And we decline to do so here.

III.

For these reasons, we dismiss Vandewege's appeal.[1]

---

[1]We note that were we to entertain Vandewege's claim on the merits, we would reject it. The district court gave adequate consideration to Vandewege's argument and sound reasons for rejecting it.