# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2822

_____

United States of America

*Plaintiff - Appellee*

v.

James Wymes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: March 14, 2014
Filed: March 21, 2014
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

James Wymes challenges his sentence and the amount of his fine. Because we conclude that the district court plainly erred in calculating Wymes's total offense level under the United States Sentencing Guidelines (U.S.S.G.), we vacate the sentence and the fine and remand for further proceedings.

On December 20, 2010, Wymes traveled from Little Rock, Arkansas, to Fayetteville, Arkansas, to purchase a pound of marijuana from Adam Ireland. Wymes carried with him a Smith & Wesson .38 caliber revolver. After he arrived at Ireland's residence, he and Ireland went to a bedroom to discuss the transaction. When a dispute arose over the price, Wymes discharged his firearm—shooting Ireland in the leg—and fled with the marijuana. Wymes was apprehended shortly thereafter. Law enforcement officers discovered Wymes's firearm and approximately one pound of high-grade marijuana along his route of travel.

The government charged Wymes in a three-count superseding indictment, alleging that he possessed with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (count 1); that he was a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count 2); and that he discharged a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (count 3). After Wymes entered a guilty plea on counts 2 and 3, the district court ordered the United States Probation Office to prepare a presentence investigation report (PSR). Count 1 was later dismissed.

The PSR determined that the base offense level for count 2 was 20. See U.S.S.G. § 2K2.1(a)(4). The PSR then applied a four-level enhancement for the use or possession of a firearm in connection with another felony offense, see U.S.S.G. § 2K2.1(b)(6)(B), a two-level enhancement because the firearm was stolen, see U.S.S.G. § 2K2.1(b)(4), and a three-level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1. The PSR thus concluded that Wymes's total offense level was 23. With a criminal history category of V, his advisory guideline sentencing range for count 2 was 84 to 105 months' imprisonment and his advisory fine range was $10,000 to $100,000. See U.S.S.G. § 5E1.2(c)(3) (Fine Table). Wymes did not object to the offense level calculation set forth in the PSR. With respect to count 3, the PSR

advised that U.S.S.G. § 2K2.4 required the imposition of a consecutive 10-year term of imprisonment, the minimum sentence under 18 U.S.C. § 924(c)(1)(iii).

At sentencing, the government moved for a reduction of Wymes's offense level because he had provided substantial assistance to authorities. See U.S.S.G. § 5K1.1. The district court granted a two-level reduction on count 2, resulting in a total offense level of 21, an advisory guidelines sentencing range of 70 to 87 months' imprisonment, and an advisory fine range of $7,500 to $75,000. The district court imposed a 70-month sentence on count 2 and the mandatory consecutive 10-year sentence on count 3. Over Wymes's objection, the district court also imposed a $10,000 fine.

On appeal, Wymes argues that the district court erred by applying the four-level enhancement for the use or possession of a firearm in connection with another felony offense, see U.S.S.G. § 2K2.1(b)(6)(B), and by imposing a $10,000 fine. The government concedes the sentencing error, but argues that the fine should be affirmed.

II.

In reviewing Wymes's challenge to his sentence, we "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range[.]" Gall v. United States, 552 U.S. 38, 51 (2007). Because Wymes did not object to the application of the U.S.S.G. § 2K2.1(b)(6)(B) enhancement, we review his claim under the plain error standard of review. United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). Accordingly, Wymes must show that there was "(1) error, (2) that is plain, and (3) that affects substantial rights." Id. at 550 (quoting Johnson v. United States, 520 U.S. 461, 467 (1997)). If those conditions are met, we may then exercise our discretion to

correct the error, "but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting Johnson, 520 U.S. at 467).

Wymes's two counts of conviction alleged violations of 18 U.S.C. §§ 922(g) and 924(c). "When a defendant is convicted under § 922(g) of being a felon in possession of a firearm, the applicable sentencing guideline is § 2K2.1 (Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition)." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). Section 2K2.1(a)(4) sets forth the base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense[.]" In addition, § 2K2.1(b)(6)(B) provides that the defendant's offense level be increased by four, if the defendant "used or possessed any firearm or ammunition in connection with another felony offense[.]"

"When a defendant is convicted under § 924(c), for possessing a firearm in relation to a drug crime, the relevant sentencing guideline is § 2K2.4 (Use of Firearm, Armor-Piercing Ammunition, or Explosive During or in Relation to Certain Crimes)[.]" Brown, 332 F.3d at 1343. Section 2K2.4(b) provides that if the defendant was convicted of violating 18 U.S.C. § 924(c), "the guideline sentence is the minimum term of imprisonment required by statute."

Application Note 4 to U.S.S.G. § 2K2.4 sets forth certain circumstances when enhancements for specific offense characteristics regarding explosives or firearms are not to be applied to the base offense level for other convictions. "The rationale is that the conduct that triggered the § 2K2.1(b) enhancements is related to the conduct that forms the basis for the 18 U.S.C. § 924(c) conviction. For sentencing purposes, that conduct should not be counted twice." United States v. Friend, 303 F.3d 921, 922 (8th Cir. 2002) (per curiam). Accordingly, the application note instructs the sentencing court as follows:

-4-

If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.

. . .

If the explosive or weapon that was possessed, brandished, used, or discharged in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under . . . § 2K2.1(b)(6)(B) (pertaining to possession of any firearm or ammunition in connection with another felony offense), do not apply that enhancement.

U.S.S.G. § 2K2.4 cmt. n.4.

As set forth above, Wymes was sentenced to 10 years' imprisonment for discharging a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Because the discharge of his firearm forms both the basis for the § 924(c) conviction and the enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for the § 922(g) conviction, U.S.S.G. § 2K2.4 precludes the application of the § 2K2.1(b)(6)(B) enhancement in this case. The error in applying the enhancement was plain and affected Wymes's substantial rights, for it caused his total offense level to be 21, with an advisory sentencing range of 70 to 87 months, instead of 17, with an advisory sentencing range of 46 to 57 months. Accordingly, we exercise our discretion to afford Wymes plain error relief and remand the case for resentencing.

Wymes has also challenged the imposition of the $10,000 fine. Wymes's advisory fine range was based on his total offense level for count 2. See U.S.S.G. § 5E1.2(c)(3); see also U.S.S.G. § 2K2.4(d)(1) ("Where there is a federal conviction for the underlying offense, the fine guideline shall be the fine guideline that would

have been applicable had there only been a conviction for the underlying offense."). An offense level of 21 yields a fine range of $7,500 to $75,000, whereas an offense level of 17 yields a fine range of $5,000 to $50,000. <u>See</u> U.S.S.G. § 5E1.2(c)(3). Because the district court erred in calculating Wymes's total offense level, it likewise erred in determining his advisory fine range. We thus vacate the $10,000 fine and remand for further proceedings to be conducted in light of the appropriate fine range. <u>See</u> <u>United States v. Fortier</u>, 180 F.3d 1217, 1231-32 (10th Cir. 1999) (vacating fine, remanding for further proceedings, and holding that the claims of error regarding the defendant's fine were mooted by the determination that the district court erred in calculating the defendant's offense level).

### III.

The sentence and fine are vacated, and the case is remanded to the district court for further proceedings.

_____