**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0567n.06

No. 14-2265

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Aug 12, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| VINCENT ISAAC-PETER JONES, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **OPINION** |
| | ) | |

**Before:** **SUHRHEINRICH and MOORE, Circuit Judges; VAN TATENHOVE, District Judge.[*]**

KAREN NELSON MOORE, Circuit Judge. Defendant Vincent Isaac-Peter Jones pleaded guilty to being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 921(a), and 924(a)(2), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), charges to which the district court sentenced Jones to consecutive terms of 92 months and 60 months of imprisonment, respectively. In calculating Jones's guideline sentence for the count of felon in possession of firearms, the district court applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the firearms in connection with another felony offense. The district court also denied Jones's motion for a downward variance. Jones contests both decisions on appeal, arguing that the district court

---

[*]The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

"double counted" in calculating his guideline range and failed to rule on his motion for a variance. For the following reasons, we **AFFIRM** the district court's sentence.

## BACKGROUND

On March 27, 2014, a grand jury returned a seven-count Indictment charging Jones with three counts of possessing heroin with intent to distribute under 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts One, Two, and Six), three counts of being a felon in possession of a firearm under 18 U.S.C. § 922(g) (Counts Two, Four, and Five), and one count of possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i) (Count Seven). R. 12 (Indictment) (Page ID #17). The charges were based on separate instances of allegedly criminal conduct, occurring over a ten-month period.

Counts One and Two charged Jones with possessing heroin with intent to distribute on April 17, 2013 and July 9, 2013, and Count Three charged Jones with being a felon in possession of a firearm from August 31, 2013 to October 14, 2013. *Id.* at 1–3 (Page ID #17–19).

Count Four involved conduct that occurred on January 28, 2014. On that day, officers attempted to pull over the car in which Jones was a passenger because they recognized Jones as an individual wanted on an outstanding felony warrant. R. 24 (Presentence Investigation Report ("PSR") ¶ 35) (Page ID #86).[1] But rather than pull over, the car led officers on a high-speed chase through slick, wintery road conditions until it crashed into a snow bank. *Id.* ¶ 36. Jones then ran from the vehicle before eventually being tackled and arrested by the pursuing officers.

---

[1] The parties do not contest the recited facts in the PSR.

2

*Id.* At the time of arrest, Jones possessed two firearms and $5,075 in cash; officers later found a bag of heroin, which Jones discarded during the pursuit. *Id.* ¶ 36, ¶ 45 (Page ID #86, 88). Based on this incident, the Indictment charged Jones with being a felon in possession of firearms in Count Four.

Less than a month later, on February 19, 2014, Jones was again a passenger in a car pulled over by officers, this time on the basis that the car's windows were unlawfully tinted. *Id.* ¶ 40 (Page ID #87). As the officers approached the vehicle, they observed Jones "making furtive movements inside the near center console area." *Id.* After receiving consent to search the vehicle, officers found a firearm, a bag of heroin, and $1,237 in cash. *Id.* Based on this, the Indictment charged Jones with being a felon in possession of a firearm in Count Five, possessing heroin with intent to distribute in Count Six, and possessing a firearm in furtherance of drug trafficking in Count Seven.

Pursuant to a plea agreement, Jones pleaded guilty to Counts Four and Seven in exchange for dismissal of the remaining counts. According to the plea deal, Jones "waive[d] the right to appeal any sentence that is at or below the maximum guideline range as determined by the Court before any upward departure or variance, and the manner in which the sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742." R. 19 (Plea Agreement at 5) (Page ID #37). Jones "retain[ed] the right to appeal those objections preserved at sentencing that the Court incorrectly determined the final Guideline range" and "the right to

appeal a sentence that exceeds the statutory maximum or is based upon an unconstitutional factor, such as race, religion, national origin, or gender." *Id*. at 5–6 (Page ID #37–38).

In calculating Jones's sentence, the PSR recommended a consecutive five-year-mandatory-minimum sentence for Count Seven pursuant to § 924(c)(1)(A)(i). R. 24 (PSR ¶ 66) (Page ID #90). For Count Four, the PSR recommended a base offense level of 14; increasing two levels because the offense behavior and relevant conduct involved four firearms; increasing two levels because multiple firearms were stolen; increasing four levels because one of the firearms had an obliterated serial number; increasing two levels for obstructing justice; and increasing four levels because Jones possessed two firearms in connection with another felony offense—namely, possessing heroin with intent to distribute. *Id.* at 10–12 (Page ID #88–90); *see* U.S.S.G. § 2K2.1(a)–(b). After subtracting three levels for acceptance of responsibility, this yielded a total offense level of 25. With a criminal history category VI, the guideline range for Count Four was 110 to 137 months; however, because the statutory maximum is ten years, the PSR recommended a 110 to 120 month guideline range for Count Four. R. 24 (PSR ¶ 147) (Page ID #111).

At sentencing, Jones first contested the two-level increase for possessing a stolen firearm on the ground that the four-level increase for an obliterated serial number covered this enhancement under U.S.S.G. § 2K2.1(b)(4). The government agreed, and the district court lowered the adjusted offense level by two points from the PSR recommendation, reducing the total offense level from 25 to 23. R. 30 (Sen'g Hr'g at 11–12) (Page ID #170–71).

At sentencing, Jones also argued that the four-level increase under U.S.S.G. § 2K2.1(b)(6)(B) for possessing "any firearm . . . in connection with another felony offense" was improper. *Id.* at 4–5 (Page ID #163–64). Jones argued that the felony offense at issue—possession of heroin with intent to distribute on January 28—was covered by the mandatory minimum five-year sentence in Count Seven, so the four-level increase amounted to improper "piling on." R. 25 (Sen'g Mem. at 11) (Page ID 126). In response, the government agreed that, pursuant to U.S.S.G. § 2K2.4, the four-level increase was improper if the heroin possession on January 28 is "relevant conduct" to the February 19 incident giving rise to the § 924(c) charge in Count Seven. R. 30 (Sen'g Hr'g at 9–11) (Page ID #168–70). The government attorney asserted the issue was "close" because, although these were separate events involving different guns, if "put to my proofs, I'd be telling Your Honor that all the conduct in all the charges should be attributable to him under relevant conduct." *Id.* at 10 (Page ID #169). In the end, the government framed the issue as "whether they're relevant con[duct] to each other or not. If they're not, if they're discrete incidents, it's okay to add four levels." *Id.* at 11 (Page ID #170). The district court denied Jones's motion. This left Jones with a total offense level of 23 and criminal history category VI, yielding a 92 to 115 month guideline range. *Id.* at 11–12 (Page ID #170–71).

Jones then moved for a downward variance on similar grounds—that the sentence for Count Four was too high because he was being penalized twice for the same conduct. Without explanation, the district court did not grant the motion. *See id.* at 14–15 (Page ID #173–74). The

court sentenced Jones to 92 months of imprisonment for Count Four and a consecutive 60-month sentence for Count Seven.

On appeal, Jones argues that: (1) the district court improperly "double counted" by adding four levels to his Count Four guideline range under § 2K2.1(b)(6)(B) because the activity at issue was "relevant conduct" to the underlying offenses giving rise to the Count Seven § 924(c) conviction; and (2) the district court erred by failing adequately to address his motion for a downward variance.

## ANALYSIS

We review the "district court's findings of fact at sentencing for clear error and its legal conclusions regarding the Sentencing Guidelines *de novo.*" *United States v. Maken*, 510 F.3d 654, 656–57 (6th Cir. 2007). In determining whether particular activity constitutes "relevant conduct" under the Sentencing Guidelines, we review de novo. *United States v. Catchings*, 708 F.3d 710, 720 (6th Cir. 2013).

First, Jones argues that the four-level enhancement under § 2K2.1(b)(6)(B) applied to Count Four was improper "double counting" because the enhancement punishes the same conduct covered in the 60-month sentence for the § 924(c) violation in Count Seven. Section 2K2.1(b)(6)(B) states that courts should increase by four levels where a defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). Section 924(c) punishes individuals who, inter alia, possess a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 924(c). "[T]he 'established rule' in this

circuit is that 'impermissible "double counting" occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways.'" *United States v. Sabino*, 307 F.3d 446, 450 (6th Cir. 2002) (quoting *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1999)). "[N]o double counting occurs if the defendant is punished for distinct aspects of his conduct." *United States v. Walters*, 775 F.3d 778, 782 (6th Cir. 2015) (quoting *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010)). "Where double counting does occur, however, it may be permissible." *Id.* Indeed, "[w]here it appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct, double counting is permitted." *Id.* (internal quotation marks omitted).

Section 2K2.4 of the Sentencing Guidelines—the guideline provision governing sentences under § 924(c)—expressly prohibits double counting. A sentence under § 924(c) must run consecutive to other sentences. *See* 18 U.S.C. § 924(c)(1)(A); U.S.S.G. § 2K2.4, cmt. background. Because of this, "[t]o avoid double counting, when a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for explosive or firearm discharge, use, brandishing, or possession is not applied in respect to such underlying offense." U.S.S.G. § 2K2.4, cmt. background. Committee Note 4 to § 2K2.4 has similar language: "If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. § 2K2.4, cmt. n.4. A § 924(c) sentence

"accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 2K2.4, cmt. n.4. The amendment explaining Committee Note 4 states "application of the commentary" should be read "consistent with the definition of 'offense' found in § 1B1.1," U.S.S.G. app. C (Nov. 1, 2000) amend. 599, which includes both "the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct). . . ." U.S.S.G. § 1B1.1, cmt. n.1(H).

Here, Jones argues that "the 'underlying offense' is drug trafficking and the relevant conduct for that offense includes all of the conduct charged in the indictment," which means the § 924(c) sentence for Count Seven covered the conduct at issue in the § 2K2.1(b)(6)(B) enhancement to Count Four. Appellant Br. at 13. Citing the reference to "relevant conduct" in Committee Note 4, Jones argues that "[t]he use of the word 'including' after the phrase 'underlying offense of conviction' would indicate that any conduct that can be considered 'relevant conduct' would be included as blocked from receiving an enhancement under U.S.S.G. § 2K2.4." Appellant Reply at 2.[2] Thus, according to Jones, conduct relevant to the underlying drug trafficking offense includes the conduct that gave rise to the four-level enhancement. As proof that the relevant conduct from January 28 was covered by the § 924(c) sentence, Jones points to the government's admission at the sentencing hearing that the January 28 conduct was

---

[2]Jones filed a "Motion for Leave to File Reply Brief Out of Time." No. 14-2265, Appellate R. 19. We grant the motion and consider the arguments Jones raised in his reply brief.

relevant to the February 19 conduct, and that if put to its proof, the government would have argued as much at trial. R. 30 (Sen'g Hr'g at 9–11) (Page ID #168–70).

We disagree. Recall that Count Four charged Jones with being a felon in possession of firearms on January 28, and the felony offense triggering the § 2K2.1(b)(6)(B) enhancement was the bag of heroin later found that Jones discarded before he was tackled by police officers following the high-speed chase on that date—a fact in the PSR that Jones did not contest before the district court or on appeal. *See* R. 24 (PSR ¶ 45–47) (Page ID #88). The conduct underlying Jones's § 924(c) conviction in Count Seven occurred on February 19—the car Jones was riding in was pulled over and officers found one firearm and a bag of heroin. R. 12 (Indictment at 7) (Page ID #23); R. 24 (PSR ¶ 40–44) (Page ID #87–88). Although this conduct—the firearm and the heroin found during the vehicle search on February 19—was originally included as Counts Five (felon in possession of a firearm) and Six (possession of heroin with intent to distribute) of the Indictment, the charges were later dismissed. So Jones was not separately sentenced for any "underlying offense of conviction" as contemplated by Committee Note 4.[3] *See* U.S.S.G. § 2K2.4, cmt. n.4 (directing that courts should "not apply any [weapons enhancement]. . . . when determining the sentence *for the underlying offense*." (emphasis added)); *see also United States v. Smith*, 196 F.3d 676, 682 (6th Cir. 1999) (recognizing that "underlying offense" of § 924(c) conviction for purposes of Committee Note 4 can include the firearm underlying a § 922(g)

---

[3]The cases Jones that cites to support his position are distinguishable because each involves an enhancement that was applied to a sentence that included an underlying offense of conviction. *See United States v. Pineda*, 770 F.3d 313, 321 (4th Cir. 2014); *United States v. Sinclair*, 770 F.3d 1148, 1158 (7th Cir. 2014); *United States v. Bell*, 477 F.3d 607, 615 (8th Cir. 2007); *United States v. Wymes*, 558 F. App'x 718, 721 (8th Cir. 2014).

conviction where the same firearm gave rise to both the § 922(g) and § 924(c) convictions). Nevertheless, Jones argues that "relevant conduct" should be applied broadly such that the heroin in his possession on January 28 is "relevant conduct" under § 1B1.3 to the § 924(c) conviction for activity on February 19 because the separate conduct would be grouped together under § 3D1.2. Appellant Reply at 3–4.

To be relevant under § 1B1.3, the conduct must have (1) "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense" under § 1B1.3(a)(1); or (2) "solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, . . . [been] part of the same course of conduct or common scheme or plan as the offense of conviction" under § 1B1.3(a)(2). U.S.S.G. § 1B1.3(a)(1)–(2); *United States v. Gibbs*, 182 F.3d 408, 446 (6th Cir. 1999). Section 1B1.3(a)(1) plainly does not apply here—the possession of heroin on January 28 did not occur during, in preparation for, or in the course of avoiding detection for the February 19 offenses. This leaves § 1B1.3(a)(2). But to be "relevant conduct" under this sub-section, the conduct must be able to be grouped with the offense of conviction pursuant to § 3D1.2(d). "'Offenses of a character for which §3D1.2(d) would require grouping of multiple counts,' as used in subsection (a)(2), applies to offenses for which grouping of counts would be required under §3D1.2(d) had the defendant been convicted of multiple counts." U.S.S.G. § 1B1.3, cmt. n.3. Indeed, § 1B1.3(a)(2) "*applies only* to 'offenses of a

character for which § 3D1.2(d) would require grouping of multiple counts.'" *United States v. Hill*, 79 F.3d 1477, 1482 (6th Cir. 1996) (quoting U.S.S.G. § 1B1.3(a)(2)) (emphasis added).

Section 924(c) offenses, however, are exempted from grouping. The committee notes to § 3D1.2 state that "[c]ounts for which the statute (A) specifies a term of imprisonment to be imposed; and (B) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment are excepted from application of the multiple count rules" set forth in § 3D1.2(a)–(d). U.S.S.G. § 3D1.2, cmt. n.1 (citing U.S.S.G. § 3D1.1(b) (excluding same from grouping)). Section 924(c) falls squarely within this requirement—it requires a mandatory term of imprisonment that must run consecutive to any other sentence. *See* 18 U.S.C. § 924(c)(1); U.S.S.G. § 3D1.1, cmt. n.2 (identifying § 924(c) as a statute that should not be grouped); *United States v. Garrido*, 596 F.3d 613, 618 (9th Cir. 2010) ("18 U.S.C. § 924(c) is specifically identified as a charge that is not to be grouped.").

Thus, because § 924(c) is not an offense for which § 3D1.2(d) would require grouping under § 1B1.3(a)(2), the January 28 conduct is not relevant conduct to the § 924(c) conviction for purposes of § 1B1.3(a)(2). *See United States v. Wattree*, 431 F.3d 618, 623 (8th Cir. 2005) ("[The defendant] refused to plead guilty to the offense of carrying a firearm 'in furtherance of a drug-trafficking crime,' which *would have been* relevant conduct to the drug offenses *had they not been grouped separately* under the guidelines." (emphasis added)); *United States v. Williams*, 344 F.3d 365, 380 (3d Cir. 2003) ("[Section] 924(c) specifies a minimum five-year term of imprisonment to run consecutively to any other term. Under § 3D1.1, this made the § 924(c)

11

charge not subject to grouping, which, in turn, rendered it not 'relevant conduct' for purposes of establishing [the defendant's] sentence." (internal citations and footnote omitted))[4]; *United States v. Stephenson*, 895 F.2d 867, 876 (2d Cir. 1990) ("Since grouping is thus not required for bribery offenses . . . evidence of these offenses is excluded from 'relevant conduct' under Section 1B1.3."). Had Jones been convicted of an "underlying offense of conviction" (*e.g.*, Counts Five or Six), these offenses may very well have been grouped with Count Four, which would trigger § 2K2.4 and preclude any enhancement based on this conduct. But this is not our situation. Instead, because the § 924(c) conviction cannot be grouped with Count Four, the conduct giving rise to the enhancement cannot be "relevant conduct" to the conduct underlying Jones's § 924(c) conviction pursuant to § 1B1.3(a)(2). *See United States v. Gill*, 348 F.3d 147, 153 (6th Cir. 2003) ("Simple possession is not 'relevant' under Section 1B1.3(a)(2) . . . because that section applies only if the two offenses can be grouped under Section 3D1.2(d)."). As a result, even under Jones's broad reading of Committee Note 4, the district court did not double count when it applied the § 2K2.1(b)(6)(B) enhancement in Count Four.

Finally, Jones argues that his sentence is procedurally and substantively unreasonable and we should remand for resentencing because the district court did not provide an adequate basis

---

[4]In *United States v. Hargrove*, the Fourth Circuit "disagree[d] with the Third Circuit's suggestion [in *Williams*] that a 924(c) offense may not constitute conduct 'relevant' to the guidelines offense." 478 F.3d 195, 204 n.8 (4th Cir. 2007). But *Hargrove* is not inconsistent with our holding here, because that case dealt with whether a § 924(c) offense could be "relevant conduct" under § 1B1.3(a)(1), which includes "all acts and omissions . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *Id.* at 201 (quoting U.S.S.G. § 1B1.3(a)(1)). Our holding is limited to "relevant conduct" under § 1B1.3(a)(2); of course, if the conduct giving rise to the enhancement at issue met the requirements under § 1B1.3(a)(1), our analysis would be different.

for denying his motion for a downward variance.  The government argues that the appeal waiver in the plea agreement prevents Jones from raising this argument.  We agree with the government.

"It is well settled that a defendant may waive any right, even a constitutional right, by means of a plea agreement.  Only challenges to the validity of the waiver itself will be entertained on appeal."  *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (internal quotation marks and citations omitted).  To examine the applicability of Jones's appeal waiver, we must determine whether "the claim raised on appeal falls within the scope of the appellate waiver." *Id.* at 378.

The appeal waiver in the plea agreement broadly waived Jones's "right to appeal any sentence that is at or below the maximum guideline range as determined by the Court before any upward departure or variance, and the manner in which the sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742."  R. 19 (Plea Agreement at 5) (Page ID #37).  The sentence at issue here was below the maximum guideline range.  Jones did "retain[] the right to appeal those objections preserved at sentencing that the Court incorrectly determined the final Guideline range" and "the right to appeal a sentence that exceeds the statutory maximum or is based upon an unconstitutional factor, such as race, religion, national origin, or gender." *Id*. at 5–6 (Page ID #37–38).  But neither of these exceptions apply to Jones's argument that the district court erred in its treatment of Jones's motion for a downward variance.  And Jones makes no argument on appeal for why his claim falls outside of the appeal waiver.  As a result, Jones waived his right to appeal this issue. *United States v. Vandewege*, 433 F.

App'x 388, 390 (6th Cir. 2011) (appeal waiver in plea agreement prevented appeal of district

court's denial of motion for downward variance).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's sentence.