**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0548n.06

Case No. 19-2488

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| WILLIAM EDWARD BROWN, II, | ) | |
| | ) | **O P I N I O N** |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE: McKEAGUE, GRIFFIN, and BUSH, Circuit Judges.**

**McKEAGUE, Circuit Judge.**

William Edward Brown, II, appeals his sentence following his guilty plea for methamphetamine distribution. Brown received criminal history points for two previous state sentences for methamphetamine possession. Brown argues that this was an error because, under the Sentencing Guidelines, the state sentences should be considered relevant conduct to the instant offense rather than prior sentences. Because the district court correctly interpreted the Sentencing Guidelines as dictated by our prior decision in *United States v. Gill*, 348 F.3d 147, 153 (6th Cir. 2003), we **AFFIRM** the judgment of the district court.

**I**

In early 2019, state police twice stopped Brown while driving. Each stop led to an arrest and to a state methamphetamine possession charge, among other charges. Brown pled guilty to both methamphetamine possession charges on May 17, 2019, and was sentenced on those charges on June 27, 2019.

The prior year, Brown was the subject of a narcotics investigation. Between March and May of 2018, officers from a Michigan State Police taskforce bought methamphetamine from Brown and an accomplice in a series of transactions. On May 22, 2019, between Brown's plea and sentence on the state possession charges, Brown was indicted in federal court for methamphetamine distribution. Brown pled guilty to distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(viii) on August 22, 2019. At sentencing, Brown received six criminal history points for the two state possession sentences. This brought Brown's criminal history points to fourteen, his criminal history category to VI, and his Guidelines range to 130–162 months.

Brown objected to the criminal history points for the possession sentences. Brown argued that the conduct underlying the possession sentences was "[p]rior drug dealings [that] constitute[d] relevant conduct" under U.S.S.G. § 1B1.3(a)(2) because the conduct was either "part of the same course of conduct" or was a "common scheme or plan." If correct, Brown's criminal history point total would be eight, his criminal history category would be IV, his Guidelines range would be 84–105 months, and he would be eligible for § 2D1.1(b)(18)'s and 18 U.S.C. § 3553(f)'s safety valve.

The district court disagreed with Brown. Citing *United States v. Gill*, 348 F.3d 147 (6th Cir. 2003), the court held that the possession sentences were prior sentences, not relevant conduct. After granting the government's § 5K1.1 motion, which lowered Brown's Guidelines range to 92–

115 months for the substantial assistance Brown provided to the government, the district court sentenced Brown to 92 months in prison concurrent to Brown's state sentences.

Brown timely appealed his sentence on the ground that the state sentences are relevant conduct under the Guidelines.

## II

A district court commits procedural error when the court improperly calculates a Sentencing Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). We review the district court's calculation for an abuse of discretion, factual findings for clear error, and legal conclusions de novo.[1] *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018).

## III

A defendant's Sentencing Guidelines range depends on the defendant's offense level and criminal history category, and the criminal history category depends on a defendant's criminal history score. U.S.S.G. § 5A. Here, we are concerned with criminal history score.

A district court calculates a defendant's criminal history score by adding points for each "prior sentence." *Id.* § 4A1.1. "Prior sentence" means a previous sentence "not part of the instant offense," *id.* § 4A1.2(a)(1), which in turn "means conduct that is [not] relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)," *id.* cmt. n.1.

Relevant conduct usually falls into two categories: acts "that occurred during the commission of the offense of conviction," *id.* § 1B1.3(a)(1), or, more generally, acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction," *id.* §

---

[1] The Government argues that we should review a district court's relevant-conduct determination for clear error, and Brown argues that we should review that determination de novo. Our precedent is not clear on this point. *See United States v. Caballero-Lazo*, 788 F. App'x 1014, 1015 (6th Cir. 2019) (noting conflicting case law). We need not reconcile the case law, however, because we do not reach the relevant-conduct determination. Instead, our analysis ends with our interpretation of the Guidelines, which we interpret like a statute, *see United States v. Sands*, 948 F.3d 709, 713 (6th Cir. 2020), requiring de novo review, *see United States v. Moore*, 567 F.3d 187, 190 (6th Cir. 2009).

1B1.3(a)(2). But § 1B1.3(a)(2) has a prerequisite. It applies "solely with respect to offenses of a character for which §3D1.2(d) would require grouping." *Id.*

Section 3D1.2 groups together different offenses that "involv[e] substantially the same harm." *Id.* § 3D1.2. To that end, subsection (d) specifically lists offenses that "are to be grouped" and offenses that are "[s]pecifically excluded [from grouping]." Possession of a controlled substance with intent to distribute, a § 2D1.1 offense, is groupable; simple possession, a § 2D2.1 offense, is specifically excluded. *Id.* § 3D1.2(d).

Our prior decision in *United States v. Gill* stands, as relevant here, for that unremarkable proposition—that a possession offense does not "trigger[] the application of [§ 1B1.3(a)(2)]" because a possession offense is not groupable. 348 F.3d 147, 153 (6th Cir. 2003); *see also United States v. Jones*, 620 F. App'x 434, 440 (6th Cir. 2015) ("But to be 'relevant conduct' under [§ 1B1.3(a)(2)], the conduct must be able to be grouped with the offense of conviction pursuant to § 3D1.2(d)."); *United States v. Freeman*, 640 F.3d 180, 189 (6th Cir. 2011) ("U.S.S.G. § 1B1.3(a)(2) requires that multiple counts based on the offenses be grouped under U.S.S.G. § 3D1.2(d)."). *Gill*'s interpretation of the Guidelines is binding and, in this case, dispositive.

**IV**

Applying *Gill*, the district court correctly calculated the Guidelines range. Brown's relevant state sentences were for possession of methamphetamine, while Brown's federal sentence was for distribution of methamphetamine under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The district court correctly held that the possession offenses fell under § 2D2.1 (Unlawful Possession) and that § 3D1.2 therefore excludes the offenses from relevant conduct. *See Gill*, 348 F.3d at 153 ("[S]imple possession is not one of the crimes listed in this grouping rule that triggers the

application of that relevant conduct section."). Because of that exclusion, the district court properly counted the possession offenses as prior sentences under §§ 4A1.1 and 4A1.2.

Brown's argument to the contrary is unavailing. Brown argues that *Gill* is inapplicable because it is factually distinguishable. And *Gill* is factually distinguishable. In *Gill*, the defendant argued that some of the drugs at issue were for personal use and that possessing the personal-use quantity should not be considered relevant conduct to the distribution offense. *Gill*, 348 F.3d at 150–52. Here, as Brown argues, "there was no claim that the drugs found during the two state arrests were for personal use."

But the factual distinction does not render *Gill* inapplicable. The defendant in *Gill* was charged with possession with intent to distribute but not with simple possession. *Id.* at 149. The court held that the defendant's claim that a certain quantity of the drugs was for personal use was analogous to a possession offense. *Id.* at 152. This analogy then led to the key holding that the two offenses were not groupable under § 3D1.2. *Id.* at 152–53.

Here, whether Brown claims that some quantity of drugs was for personal use is not relevant. Brown was sentenced for both possession and distribution, so no analogy is necessary. We take from *Gill* the legal principle, divorced from the facts, that possession and distribution offenses are not groupable under § 3D1.2. As grouping is a prerequisite for relevant conduct under § 1B1.3(a)(2), we do not reach the relevant-conduct determination and thus need not determine whether Brown's various offenses "were part of the same court of conduct or common scheme or plan." U.S.S.G. § 1B1.3(a)(2).

**V**

We **AFFIRM** the judgment of the district court.